*283
 
 Ruffin, C. J.
 

 The receipt given by Money to Yates being without date, it does not appear that the payment was made while Money’s office of Constable continued. Supposing, then, he was constituted the agent of the .plaintiffs by having their claim put into his hands, while Constable, for collection, with or without suit, there would be a question whether the agency, thus created, would last lónger than the office, by reason of which the Constable was constituted the creditor’s agent. There might also be an objection to the declarations of Money in 1837, that they wrere made after the expiration of his office and of his agency, and were admissions of past transactions merely, to which it was not competent to examine him.
 
 Masters
 
 v.
 
 Abraham,
 
 1 Esp. Cas. 375.
 
 Fairlie
 
 v.
 
 Hastings,
 
 10 Ves. 125. But without considering those points at all, the Court holds the case to be against the defendant, upon the ground that there was no evidence that Money was the agent of the plaintiffs, and had authority as sueh to collect the debt.
 

 What an agent says or does within the scope of his authority, and in the course of its execution, binds the principal. But to make the acts and declarations of one person evidence against another, the creation of the agency must, in the first instance, be established by proper evidence, independent of such acts and declarations themselves. Now a Constable has no official authority to collect money,' unless upon execution. t His ■duty> is to serve process, and not to act as the plaintiff’s attorney. But it was convenient and became usual for creditors to employ persons in that office, as collecting agents, into whose hands were placed the evidences of debt, with authority to receive the money without suit. In consequence of that practice, the Legislature passed the act of 1818, c. 980, (Rev. St. c. 24, s. 7) which requires a constable’s bond to be both for the faithful discharge of his duty as a constable, and “ for his diligently endeavoring to collect claims put into his hands for collection, and.
 
 *284
 
 faithful paying over all sums thereon received, either with or without suit.” The act does not impose any new duties or powers on a constable, as such; but merely makes his sureties liable for his acts as agent, as he himself was before. The act creates a security for persons,
 
 who
 
 employ constables as collecting agents; and that is the whole scope of it,
 
 Governor
 
 v.
 
 Carraway,
 
 3 Dev. 436. If money be collected by him on execution and • not paid over, the case is one of direct official delinquency. When there is no execution, the sureties will not be chargeable by this act, nor the debtor be discharged by law, unless the creditor has made the constable his agent, with
 
 authority
 
 like any other private agent, to receive'the money without process. The act does not make the Constable, who serves the warrant, the agent of the plaintiff in every case. He may still be employed in his official capacity alone ; and the presumption is, that he is thus employed, unless there bo evidence of the agency over and above such acts as are appropriate to his office. The only evidence in this case was, that Money served the warrant. That was an act purely official; and it cannot be thence inferred that the Constable was the creditor’s agent to collect the debt, more than that upon a
 
 capias ad respon-dendum
 
 a Sheriff may receive the money as he might on a
 
 fieri facias.
 
 The other circumstance, that the Constable was a witness for the creditors on the trial of the warrant, is manifestly material. Those were the only facts adduced to prove Money’s agency, and they very clearly, by themselves, are altogether inconclusive upon the point, which it laid on the defendant to establish affirmatively. The act of 1818 plainly points out the kind of evidence proper in such cases. It is such as shews, that “ the claim was put into his hands for collection, with or without suit.” This may be made to appear by express proof of the delegation of the authority to collect as agent, or by such acknowledgements or re-qiiisitions of it by the creditor as will be tantamount. ‘
 
 *285
 
 It is usual in such cases, for creditors to deliver to the Constable the evidence of debt, and take a receipt therefor, expressing that the constable is to collect. But many other circumstances may likewise be sufficient to evince, that the constable was not to act in his office simply, but had the authority of the creditor to receive payment without execution. But as there was nothing of that kind offered on the trial of this case, the very foundation of the defence failed, and it was improper to leave it to the jury to find, upon this evidence, that Money had. the claim in his hands for collection, and thereby became the plaintiff’s agent to receive payment.
 

 PjbR Cura am. Judgment reversed and
 
 venire de novo.