## William A. Hatch v. Thersey Squires.

The acts and declarations of one who assumes to be acting as the agent of another are not evidence against the supposed principal until the fact of agency is established by other evidence.

*Heard November 11th, 1862. Decided January 13th.*

Error to Washtenaw Circuit.

Hatch, as agent for one McCormick, took from the possession of Squires certain personal property which was described in a chattel mortgage executed by him to McCormick. Squires replevied the property, and the principal question in the replevin suit was as to the validity of this mortgage, the consideration of which was a reaper and mower purchased of McCormick, and which was alleged to be worthless. On the trial, considerable evidence was given by plaintiff of the acts, declarations and promises of one Walker, who assumed to be acting as the general agent of McCormick in the sale of reapers and mowers, and had issued hand bills as such. This evidence was objected to, on the ground that it was not shown that Walker was employed by McCormick as his agent, or empowered to make declarations on his behalf. It did not distinctly appear in the case whether Walker acted in making the sale to Squires, nor was there any evidence beyond Walker's own acts and declarations to establish his agency.

Judgment having been given for the plaintiff in the Court below, Hatch brought error.

11 MICH.—M.

*H. J. Beakes*, for plaintiff in error.

*O. Hawkins*, for defendant in error.

MARTIN CH. J.:

This case hinges almost entirely upon the admissibility of the acts and declarations of Walker—who purported to act as the agent of McCormick—without proof of such agency. The authority of an agent must be positively shown, either by proving his authority to act, or by proving his acts with the knowledge and recognition of his principal. In this case nothing of the kind was accomplished or attempted. The only attempt to prove the agency of Walker was by proving his own acts and assertions. This is insufficient. As these would not bind McCormick, so they would not bind the plaintiff in this cause. It is too obvious to need demonstration that an agent's authority can not be proved by his own assertion alone. There must be some evidence of authority beyond his assertion, or of ratification of his acts, before any party can be bound by such acts.

There was error, therefore, in admitting evidence of the acts, declarations and promises of Walker; and the judgment must be reversed, with costs, and a new trial granted.

The other Justices concurred.