J. H. TAYLOR, Trustee, v. J. M. B. HUNT, et al.

*Parol Evidence of Contemporaneous Agreement to Change Contract—Statute of Limitations—Mortgage.*

1. While a contemporaneous parol agreement that a certain debt secured by a written lease should be indulged and that otherwise the lease should be void might be a defense to an independent action to collect the debt, evidence of such agreement is inadmissible to avoid the lease, there being no allegation that such stipulation was omitted by fraud, mutual mistake or accident.

2. When property is conveyed as security for an existing debt, the debt may be enforced to the extent of the security at least, although at the time of the conveyance the debt was barred by the statute of limitations.

3. An agency cannot be proven by the declarations of the alleged agent, but must be proved *aliunde.*

4. The mere fact that one is made the trustee under an instrument to collect rents for the creditors named therein, and to apply the same to their debts, does not make him the agent of the creditors to bind them by oral declarations made at the time.

CIVIL ACTION, for the appointment of a receiver to collect the rents of lands leased to the plaintiff-trustee, by the defendant, J. M. B. Hunt, for the purpose of paying certain debts therein mentioned, tried before *McIver, J.,* and a jury, at September Term, 1895, of VANCE Superior Court.

It appeared from the complaint that on October 11th, 1891, the defendants executed to the plaintiff, as trustee, a lease upon certain lands in Vance county empowering him to collect the rents and apply them to the payment of certain debts due by the defendant J. M. B. Hunt to various parties named in the lease. Among the debts so secured were two to W. L. Taylor, one of which was secured by a deed (absolute on its face but intended as a mortgage) conveying what is referred to as the Phipps

land, and the other of which was secured by a deed of trust to N. B. Boyd. Among the debts secured by the lease were several judgments in favor of Paschall & Taylor and Taylor Brothers, all of which were barred by the Statute of Limitations at the date of the lease. J. M. B. Hunt never delivered actual posisesssion of the lands to the plaintiff-trustee, but collected the rents during 1891, 1892 and 1893, and paid a part thereof to the plaintiff, which was applied as provided in the lease. It was alleged that the creditor, W. L. Taylor, had no knowledge of the execution of the lease and never agreed to wait for the payment of his debts until the lease should pay them. About $1,000 of the debt due to W. L. Taylor had been due about 17 years, and the balance had been standing about 7 years.

Upon the institution of an action by said W. L. Taylor for the foreclosure of his said mortgage for $1,000, in the early fall of 1894 (which action is still pending), the said defendant, J. M. B. Hunt, refused to make any other or further payments of said rents to plaintiff or to allow or permit the tenants of said lands to do so, the said Hunt pretending to claim that there was an implied agreement on the part of W. L. Taylor at the time of the execution of said lease to forbear the collection of his debts till all said rents would pay it, and that the proceedings to foreclose said mortgages by said W. L. Taylor worked a forfeiture of said lease.

The material defense of the defendants is set out in their amended answer, which is as follows:

"1. That it was distinctly understood between J. H. Taylor, trustee, and each of the defendants, that if this defendant would execute said lease, that W. L. Taylor would postpone the collection of his debts till the rents and profits from their lands embraced in said lease should pay same, and it was further understood and agreed upon

the payment of the said Taylor debts, that W. L. Taylor would convey the Phipps land to said E. A. Lewis and Susan Lewis. That but for such an agreement the said defendants would never have executed the same.

"2. That the defendant Hunt agreed with the trustee, J. H. Taylor, to include the Taylor and Paschall judgments and the account of Taylor Bros., all of which were barred by the Statute of Limitations, upon the understanding that the said W. L. Taylor debts should be paid as provided in said lease, and that W. L. Taylor should convey the Phipps land to his co-defendants when such payment had been made out of the rents and profits of land embraced in the lease; that but for such agreement he nor his codefendants would have executed said lease.

"That said W. L. Taylor, in violation of provisions of the said lease, has sold part of the land embraced in same, and has refused to abide by the provisions thereof.

"Wherefore defendant asks judgment: that said lease be surrendered for cancellation, and for such other and further relief, etc."

The issues submitted on the trial and the responses were as follows:

"1. Was the lease of Oct. 11, 1891, made upon the understanding and agreement that the W. L. Taylor debt should be indulged till paid out of the rents of the land described in said lease? Answer, 'Yes.'

"2. Were the Taylor & Paschall and Taylor Bros. debts included in said lease because of said understanding and agreement? Answer, 'Yes.'

"3. Were the debts, or any part of them, due by J. M. B. Hunt to Taylor & Paschall and Taylor Brothers barred by the Statute of Limitations? Answer, 'Yes.'

" 4. Did said J. M. B. Hunt and J. H. Taylor know they were so barred? Answer, As to Hunt, ' No.' As to Taylor, ' Yes.'

" 5. Was it a part of the consideration for signing the lease of October 11, 1891, that W. L. Taylor should convey the Phipps land to Miss Lewis and Ed. Lewis, when his debts were paid out of rents ? Answer, ' Yes.' "

There were various exceptions to the evidence and to the refusal to submit issues tendered by the plaintiff and to those submitted, as well as to instructions to the jury, &c., those necessary to the understanding of the decision of the Court being set out in the opinion of Associate Justice CLARK. From the judgment rendered, the plaintiff appealed.

*Messrs. T. T. Hicks, W. B. Shaw* and *R. O. Burton,* for plaintiff (appellant).

*Messrs. MacRae & Day* and *Argo & Snow,* for appellees.

CLARK, J. : The principal point at issue in this case is discussed and settled in *Moffitt* v. *Maness,* 102 N. C., 457. The defense set up is an attempt to contradict and vary the terms of a written contract of lease, by showing a contemporaneous parol agreement that a certain debt therein secured should be indulged and that if it was not the lease was null and void. Such verbal agreement, if made, might be a defense to an independent action to collect the debt but would not nullify the lease    There is no allegation that such stipulation was left out of the lease by fraud, mutual mistake or accident and no prayer to reform the instrument on such ground. While it is true that where a contract is not required to be in writing if the *entire* contract is not reduced to writing, the other part may be proven by parol (*Nissen* v. *Mining Co.,* 104 N. C., 309), this has never been permitted to nullify the settled

rule that such oral evidence must not contradict or vary the part that is in writing. If the defendants in the present case are merely seeking to show that it was agreed by parol that if a certain debt secured by the lease was to be indulged, and that it has not been, this does not, as they insist, nullify the lease, but was a defense to have been used against the action brought on the debt. If the defendants are seeking to show a verbal agreement that if the debt was not indulged the lease was to be void and ineffectual, this would be to contradict a written agreement by a parol defense. The first two issues therefore were improperly submitted. *Parker* v. *Morrill*, 98 N. C., 232, and cases cited; *Martin* v. *McNeely*, 101 N. C., 634; *Bank* v. *McElwee*, 104 N. C., 305.

The next two issues were immaterial, for as those debts were secured by the lease, it could make no difference whether or not at the date of the lease the defendant might have successfully pleaded the Statute of Limitation if action had been brought. If they were then barred that did not prevent an honest debtor from securing them, and indeed such security is a new promise (*Code*, Sec. 172), at least to the extent of the property conveyed. Besides, the security, when not barred, is enforcible though action on the debt is barred. *Capehart* v. *Dettrick*, 91 N. C., 344; *Long* v. *Miller*, 93 N. C., 227; *Arrington* v. *Rowland*, 97 N. C., 127; *Overman* v. *Juckson*, 104 N. C., 4; *Jenkins* v. *Wilkinson*, 113 N. C., 532.

The fifth and last issue is immaterial at present as the debts secured have not been paid. When that has been done, if the promise to reconvey is not executed after demand made, action can then be brought to prove the promise and secure specific performance. The Court will not now anticipate questions which may arise in that action.

This disposes of the first six exceptions, and it is not necessary to consider the others.   It may be said, however, in reference to the 7th, 8th, and 10th exceptions that an agency cannot be proven by the declarations of the alleged agent.   *Francis* v. *Edwards*, 77 N. C., 271; *Gilbert* v. *James*, 86 N. C., 244; *Williams* v. *Williamson*, 28 N. C., 281; *Grandy* v. *Ferebee*, 68 N. C., 356; *Johnson* v. *Prairie*, 91 N. C., 159.   The mere fact that J. H. Taylor was made trustee by the terms of the lease to collect rents for the creditors named and apply the same to their debts did not make him the agent of the creditors to bind them by oral declarations made at the time, and it was erroneous to admit such declaration to prove that he was at that time acting as their agent.   Agency must be proved *aliunde* the declarations of the alleged agent.

Error.