A. D. WILLIS v. THE ATLANTIC AND DANVILLE RAILROAD COMPANY.

*Action for Damages—Principal and Agent—Master and Servant—Authority of Section Master—Evidence.*

1. Where an agency is limited it is the duty of the person dealing with the agent to ascertain its value and extent of his authority and to deal with him accordingly.

2. A section master of a railroad has such general authority only as is incidental to the duty assigned to him, and no power whatever as to the transportation of passengers, and notice of this limited authority will be implied from the natural and apparent divisions of the business of a railroad company among its various departments.

3. In order to render the principal or master liable for the act of his agent or servant, the act (in the absence of express authority to do it) must be one that pertains to the business and one that is fairly within the scope of the employment.

4. A section master of a railroad company, by gratuitously taking a person walking along the track upon a hand-car in use by him in the performance of his duties, cannot thereby render his principal liable as a common carrier to such person as a passenger.

5. When a person riding on a hand-car with a section master is injured by collision with a train, a conversation after the accident between the section master and the conductor of the colliding train is inadmissible as part of *res gestae.*

6. In the trial of an action for damages for injuries to a person who was hurt while riding on a hand-car in use by the section master of a railroad, it was competent for the defendant to show the limited authority of the section master under the printed rules of the company.

CIVIL ACTION, for damages, tried before *McIver, J.*, and a jury, at Fall term, 1896, of GRANVILLE Superior Court.

There was a judgment for the plaintiff and defendant appealed, assigning the errors referred to in the opinion of the court.

*Messrs J. A. Long* and *J. W. Graham*, for plaintiff.

*Messrs. E. B. Withers, W. A. Fentress* and *A. P. Thom*, for defendant (appellant).

Faircloth, C. J.: The issues submitted by the court, without exception by either party, were: (1) Was the plaintiff injured by the negligence of the defendant, as alleged in the complaint? (2) Was the plaintiff guilty of contributory negligence? (3) After the plaintiff's negligence, could the defendant, by the exercise of reasonable care, have avoided injury to the plaintiff? The jury answered each issue, "Yes."

Defendant's road runs from Norfolk to Danville, Va., and a section of it lies between Danville and Blanch Station of several miles in length, including Moore's Creek trestle. C. E. Vaughan was the section master of said section, with several hands at work. He was using a hand car, which was used to carry hands and tools to and from work. The plaintiff was walking along the track of the defendant between Moore's Creek and Blanch Station, when the hand car passed him, going towards Blanch; and he asked permission to get on the hand car and ride, and he was permitted to do so by the section master. This was on August 6, 1895, and plaintiff says he was hurt between 5 and 6 o'clock, p. m. Four or five hundred yards out from Blanch is a sharp curve in the road, with banks twenty or thirty feet high. While rounding this curve, an excursion train from Norfolk struck the hand car, and plaintiff was injured. The section master and hands jumped off and were not hurt. The engineer was on the lookout, but did not see and could not have seen, the hand car in time to prevent the collision.

There was no evidence that passengers either habitually or occasionally rode on this car. No fare was paid or charged. There was no arrangement or seats on it for passengers, and it was used only for transporting employees and their tools. It was the duty of the section master to keep the road and bridges in repair.

Upon these facts, the plaintiff alleges that he was a passenger on defendant's road, and was entitled to the same care and protection as other passengers, and that defendant owed him the same duty as if he had been on a passenger train. The defendant denies this proposition, and avers that plaintiff had only the rights of any stranger walking along the defendant's roadbed, and insists that the permission of the section master to allow plaintiff to ride on the car, and thereby establish the relation of passenger and carrier between the plaintiff and defendant, was *ultra vires.* This is the principal question on the merits of the case.

We find in the exceptions ground for a new trial, but it will not be improper for us to give our opinion on the principal question. The law of common carriers will not solve this question. It must be settled by the principles of the law of agency. The defendant is a common carrier, but every employee of the defendant is its agent with such powers as pertain to the duties of his department or such others as may be expressly given him. And this presents the question whether the section master, as an agent of the defendant, had authority to take the plaintiff on the hand car in such a way as to fasten on the defendant the duties of a carrier to him as a passenger.

It must be conceded that any carrier has a right to make reasonable regulations in the management of his business. He may, if he sees fit, have the freight and passenger business carried on upon the same train under one management, or he may completely separate these transactions by arranging them in distinct departments. He may have a conductor for a freight train and a conductor for a passenger train, but such conductor would have very different powers. The name has but little significance. The law would confer upon one such authority as was incident to

the business of moving freight, and no authority for moving passengers. This would clearly be so to one having actual notice of such a division of the business. The carrier may also arrange and allow freight to be carried on the "hand car," and the law would confer on the section master such authority as was incidental to the business in which he was engaged, but no authority as to the transportation of passengers. In the great transactions of commercial business and corporations, as railroads and the like, convenience requires a subdivision of their work among numerous agents, each of whom may have a distinct employment, and is a general agent in his particular department, with no powers beyond it. He is identified with his master to that extent only. In the absence of actual notice of the extent of the power of these agents, is there anything in the nature and apparent division of the business which would imply notice to a supposed passenger, as the plaintiff in this instance? There is no real analogy or resemblance between the duties of a conductor of a passenger train and those of a section master in charge of a hand car. A different class of men would be employed for such places, and the principal (the defendant) would have a right to assign specific and distinctly separate duties to each. The difference in the appearance of a passenger train and a hand car would be significant. The conveniences of the former and the inconveniences of the latter would suggest to a wayfarer that one was for passengers, and that the other was not. Such evidences in the actual operations of defendant's business would negative the conclusion that the carrier would allow passengers on the hand car, and would suggest that the authority of the foreman of the section was limited to the business in which he was actually engaged. Under such circumstances, although a stranger to the company may

take a free ride with the foreman's assent, he could scarcely be regarded as a passenger and the defendant as a carrier, as to him.

The presumption, then, is, that one riding on a hand car is not legally a passenger; and it would rest upon him, under the circumstances of such cases, to rebut the presumption. This he may do by showing such general and continuous custom of the agent as would be notice to the principal and to the public, or that the agent had express authority from his principal, or that the rules and regulations did not inhibit such conduct.

An agent cannot enlarge his powers by his own acts. They must be included in the acts or conduct of the principal. When the agency is limited, it is the duty of the person dealing with the agent to enquire into the nature and extent of the authority conferred, and to deal with the agent accordingly. Clark, Cont., 734; *Ferguson* v. *Manufacturing Co.*, 118 N. C., 946; *Biggs* v. *Insurance Co.*, 88 N. C., 141. Railroads have the right, as before stated, to make a separation between the different departments of their business, and, when this is done, the section master has such general authority only as is incidental to the duty assigned to him, and no power whatever as to the transportation of passengers, and notice of this limited authority will be implied from the natural and apparent divisions of the business. "Thus, it will be seen that, in the absence of express orders to do an act, in order to render the master liable, the act must not only be one that pertains to the business, but must also be fairly within the scope of the authority conferred by the employment. Wood, Master and Servant, 546. For illustration, a clerk to sell goods suspects that goods have been stolen, and causes an arrest to be made. The master is not liable for the imprisonment or for the assault, because the arrest was an act

which the clerk had no authority to do for the master, either express or implied.

We will now refer to two exceptions:

First exception: Plaintiff proposed and was allowed, under defendant's objection, to prove a conversation soon after the accident between the section master and the conductor of the train. This was no part of the *res gestae*, and was incompetent. *Southerland* v. *Railroad Company*, 106 N. C., 100.

Third exception: Defendant asked the witness, Vaughan: "What were the rules and regulations of the company in regard to persons, not employees of the company, riding on the hand cars, and what was witness's custom in regard thereto." Plaintiff's objection was sustained, and defendant excepted. The plaintiff, having certainly implied notice of the limited authority of the section master, still had the right to show express authority from the rules and regulations of the company that he (the section master) had authority to receive passengers on his car, and that he occasionally did so, and for a similar reason the defendant had the right to show that, by said rules, the foreman's authority was limited, and what was his custom. The exclusion of this evidence was erroneous.

We need not examine the other exceptions. *Shaw* v. *Williams*, 100 N. C.. 272; 1 Am. and Eng. Enc. Law, 351. See on this subject *Railway Co.* v. *Bolling*, 59 Ark., 395; *Eaton* v. *Railroad Co.*, 57 N. Y., 382.

Error.