MOORE v. COHEN.

(Filed May 28, 1901.)

ATTORNEY AND CLIENT—*Liability of Client for Acts of Attorney.*

A client is not responsible for any illegal action taken or directed by his attorney, which the client did not advise, consent to, or participate in, and which was not justified by any authority the client had given.

ACTION by J. E. Moore against Charles Cohen, heard by Judge *H. R. Starbuck* and a jury, at March Term, 1900, of the Superior Court of HALIFAX County. From a judgment for the defendant, the plaintiff appealed.

*Day & Bell, Thos N. Hill,* and *T. C. Harris,* for the plaintiff.

*R. B. Peebles,* for the defendant.

CLARK, J.   This is an action by the plaintiff for malicious prosecution by illegally causing the arrest of plaintiff in a former action in which the present defendant was one of the plaintiffs, and obtained judgment against the present plaintiff, who was one of the defendants.

It was admitted by both parties that the claim on which the judgment was rendered was sent by Cohen & Son, of which firm defendant is senior partner, to R. B. Peebles, attorney-at-law, for collection, with no specific instruction as to collection, and in the usual course of business for collection; that before sending it Cohen & Son had learned that the firm of J. S. & J. E. Moore had made an assignment; that the defendant had no knowledge of the arrest of J. E. Moore, or of the action before the Justice of the Peace, or of the order of arrest, or any other proceeding in said action, or of the acts of Messrs. Peebles and Harris (counsel in said action for Cohen & Son) until years thereafter when the present action was begun, and that the defendant never authorized or ratified said arrest unless the sending the claim to R. B. Peebles for collection as aforesaid amounted to authorization.

The plaintiff contended that the acts of the attorney were the acts of the defendant, though done without his knowledge or express authority, and that the defendant was responsible for them, and in writing asked the Court to instruct the jury, that upon the whole evidence, if believed, to answer the first issue "Yes."   The Court declined this request, and held, as a matter of law, that upon the evidence the plaintiff was not entitled to recover, and that the issue should be answered "No," and directed a verdict accordingly.

It is true that a client is bound by the acts of his counsel in the ordinary course of procedure and in matters pertaining to that action, such as judgments, decrees and orders therein, but "a plaintiff is not responsible for any illegal action taken or directed by the attorney which the plaintiff did not advise, consent to or participate in, and which was not justified by any authority he had given." Cooley on Torts, 131. This is fully sustained by the authorities cited in the note and other cases. *Fox v. Stone,* 8 N. Y., 355; *Fire Asso. v. Fleming,* 78 Ga., 733; *Brown v. Kendall,* 90 Mass. (8 Allen), 209; *Ferguson v. Terry,* 40 Ky. (1 B. Mon.), 96. The arrest of the plaintiff was not within the scope of the attorney's duty in prosecuting collection of the claim unless the client had advised, consented to or ratified the same. *Welsh v. Cochran,* 63 N. Y., 181; 20 Am. Rep., 519.