WEST v. GROCERY CO.

(Filed April 18, 1905.)

*False Imprisonment—Act of Attorney—Pleadings, Evidence
—Agency how proven.*

1.  Where the president of the defendant company employed an attorney for the specific purpose of attaching plaintiff's goods to collect a debt and the attorney, of his own accord, took out proceedings in arrest and bail, under which plaintiff was taken in custody, in an action for false imprisonment, a demurrer to the evidence was properly sustained, there being no evidence that plaintiff's arrest was with the knowledge, consent, procurement or ratification of the defendant or its president.

2.  The exceptions for refusal to admit certain segregated portions of the answer become immaterial by the subsequent introduction of the whole paragraph containing such extracts.

3.  It is not necessary to put the pleadings in evidence to show that certain allegations in the complaint were not denied.

4.  The nature and extent of the authority of an agent as well as the establishment of the agency itself must be proven *aliunde* the declarations of the alleged agent.

5.  In an action for false imprisonment, the declarations of the Judge in the *habeas corpus* proceedings in which plaintiff was released, were *res inter alios acta* and inadmissible.

ACTION by J. H. West against A. F. Messick Grocery Company, heard by *Judge R. B. Peebles* and a jury at the February Term, 1905, of the Superior Court of GUILFORD County. From a judgment of non-suit, plaintiff appealed.

*E. J. Justice, W. P. Bynum, Jr.* and *G. S. Ferguson, Jr.* for the plaintiff.

*Brooks & Thompson, Watson, Buxton & Watson* and *D. H. Blair* for the defendant.

CLARK, C. J. The defendant company, resident and doing business in this State, claimed that the plaintiff, also resident here, was indebted to it for a small balance due on open account. There was an excursion run to Norfolk, Va. on which the plaintiff went, carrying a stock of refreshments. On the same train was A. F. Messick, president of the defendant company, who employed a lawyer in Norfolk, and instructed him to bring action for the said balance due by plaintiff and to attach aforesaid stock of plaintiff to enforce collection of the debt. Being advised by his attorney that it would be necessary to give bond for the attachment, Messick procured a friend to go on said bond and left for New York that day. The next day, the attorney, without any authority from Messick or the defendant company, of his own accord took out proceedings in arrest and bail, under which the plaintiff was taken in custody, but was soon discharged upon *habeas corpus.* This is an action for false imprisonment.

It appears from the evidence that the attorney was employed for the specific purpose of attaching the goods of the plaintiff, a proceeding authorized by the laws of Virginia, as Messick was advised by said attorney, and there is no evidence that any other process or proceeding was authorized or discussed or that the subsequent arrest of plaintiff was with the knowledge, consent, procurement or ratification of the said Messick. A recent case, exactly in point, is *Moore v. Cohen,* 128 N. C., 345, in which the court held that "a client is bound by the acts of his counsel in the ordinary course of procedure and in matters pertaining to that action, such as judgments, decrees and orders therein, but a plaintiff is not responsible for any illegal action taken or directed by the attorney which the plaintiff did not advise, consent to or participate in and which was not justified by any authority he had given: citing Cooley on Torts, 131 and *Walsh v. Cochran,* 63 N. Y., 181; 20 Am. Rep. 519, and other cases

there mentioned. To same purport is *Wallow v. Finberg,* 46 Tex., 35, and many other cases might easily be added.

There are divers other exceptions but they do not require discussion. The exceptions for refusal to admit certain segregated portions of the answers offered in evidence by the plaintiff, became immaterial by the subsequent tender by plaintiff of the whole paragraph containing such extracts and its admission by the court. *Cheek v. Lumber Co.,* 134 N. C. 227. It was not necessary to put the pleadings in evidence to show that certain allegations in the complaint were not denied in the answer. That was a matter of law for the court. Code Sec. 268.

The other exceptions are to the exclusion of the declarations of Swink, the lawyer, offered to enlarge the scope of his agency and are without merit. That an agency must be proven *aliunde* the declarations of the alleged agent, is elementary law (*Grandy v. Ferebee,* 68 N. C., 362; *Taylor v. Hunt,* 118 N. C., 173) and this is true both as to the establishment of the agency and the nature and extent of the authority. Huffcutt, Agency, Sec. 137; *Hatch v. Squires,* 11 Mich. 185; *Mitchum v. Dunlap,* 98 Mo., 418. The declarations of a judge in the *habeas corpus* proceedings were *res inter alios acta* and are equally incompetent.

The demurrer to the evidence was properly sustained.

No Error.