H. V. SUTTON v. HANNAH LYONS ET AL.

(Filed 13 September, 1911.)

1. Negligence — Defective Machinery — Sawmill—Ownership—Evidence.

For the purposes of plaintiff's action for damages alleged to have been received at the defendant's sawmill while at work as an employee, evidence which tends to show that the mill was attached to defendant's land as a part of the realty, or, if unattached thereto, that it was easily moved, remained on the land for a year unused, and defendant had ordered the plaintiff not to go on the premises, is evidence of ownership.

2. Evidence—Personal Property—Possession—Title.

The possession of personal property is evidence of ownership.

3. Same—Operation.

The plaintiff sued for damages alleged to have been received while working for defendant at his sawmill. Defendant denied the ownership of the mill or that he operated it: *Held,* evidence that defendant was the owner of the mill on her land, which was sawing her timber, was some evidence that the defendant was operating it.

SUTTON *v.* LYONS.

### 4. Principal and Agent—Tax List—Declarations—Evidence.

An abstract of taxes made by one purporting to be an agent is incompetent as against the principal in the absence of other evidence of agency, it being necessary that an agency be proved *aliundc* the declarations of the agent.

### 5. Principal and Agent—Evidence Aliunde.

Agency may be proved by the testimony of the agent.

APPEAL from *Justice, J.,* at the February Term, 1911, of CURRITUCK.

This is an action to recover damages for personal injury. The plaintiff alleges that he was injured by the negligence of the defendant on 7 August, 1906, while working at her mill, and that the negligence consisted in a defect in the machinery. The defendant denies negligence, and also denies that she was the owner of the mill or that she operated it.

The defendant admits in her answer that the mill is located on her land, and that it was engaged in sawing some of the timber on the land, but says that it has not been in operation for twelve months. The defendant further alleges that the plaintiff was a trespasser in going upon said premises, and that he was there contrary to the express orders and directions of the defendant.

It was in evidence that W. J. Tate managed the mill, and for the purpose of showing that he was agent of the defendant Lyon, the plaintiff offered in evidence the tax list of the plaintiff for 1906, signed "W. J. Tate, agent," which was excluded, and the plaintiff excepted.

There was some evidence of negligence, and that this was the cause of the plaintiff's injury, but his Honor, being of opinion that there was no evidence that the defendant Lyon was the owner of the mill and operated it, entered a judgment of nonsuit, on motion of the defendant, and the plaintiff excepted and appealed.

*W. M. Bond and Ward & Grimes for plaintiff.*
*J. C. B. Ehringhaus and E. F. Aydlett for defendant.*

ALLEN, J., after stating the case: In our opinion, there was evidence fit to be submitted to the jury. It is not conclusive in its nature, and may be weakened or strengthened, when all the facts are developed.

The admission that she is the owner of the land on which the mill is located is some evidence that she is the owner of the mill. If affixed to the soil it would be a part of the land, nothing else appearing, and if not, and it was personalty, the fact that it is on her land is evidence of possession, and evidence of the possession of personalty is evidence of title, in the absence of other proof. There is also evidence that the defendant was exercising dominion over the property, as she says she had given direction for the plaintiff to stay off the premises.

The circumstance that the mill "is situated" on the land, and "has not been in operation during the past twelve months," is entitled to some weight, as ordinarily valuable property, not in use, is not left so long on the land of another.

If there is evidence that the defendant is the owner of the mill on her land, and sawing her timber, this could be considered by the jury on the question of the operation of the mill.

"Where the plaintiff has suffered an injury from the negligent management of a vehicle, such as a boat, car or carriage, it is sufficient *prima facie* evidence that the negligence was imputable to the defendant to show that he was the owner of the thing, without proving affirmatively that the person in charge was the defendant's servant. It lies with the defendant to show that the person in charge was not his servant, leaving him to show, if he can, that the property was not under his control at the time, and that the accident was occasioned by the fault of a stranger, an independent contractor or other person, for whose negligence the owner would not be answerable. 1 Sherm. and Redf. Neg., 71. Any other rule, especially where persons are dealing with corporations, which can act only through agents and servants, would render it almost impossible for a plaintiff to recover for injuries sustained by defective machinery or negligent use of machinery." *Midgette v. Manufacturing Co.,* 150 N. C., 341.

The abstract of taxes was not admissible in evidence. It was offered to show that Tate was the agent of the defendant, but it amounted to no more than a declaration, and an agency cannot be proved in this way.

"That an agency must be proved *aliunde* the declarations of the alleged agent is elementary law, and this is true both as to the establishment of the agency and the nature and extent of the authority." *West v. Grocery Co.,* 138 N. C., 168. It may, however, be established by the testimony of the agent under oath. *Machine Co. v. Seago,* 128 N. C., 160.

The judgment of nonsuit is set aside and a new trial ordered.
New trial.