CHARLIE ADAMS v. J. E. FOY AND DERMOT SHEMWELL, TRADING AS FOY & SHEMWELL, AND J. E. WORKMAN, JR.

(Filed 13 November, 1918.)

1. **Principal and Agent—Declarations—Evidence.**

   Neither the fact of agency nor the extent of the supposed agent's authority can be proved by his declarations alone.

2. **Same—Salesman—Automobiles—Nonsuit—Trials.**

   Testimony that on a former occasion one representing himself to be defendant's agent tried to sell the witness an automobile, and at the time of the admitted negligence, while driving defendant's automobile from one of defendant's garages to another in a different town, he had renewed his efforts to sell the car of the defendant, which he was driving, and defendant's admission of liability when the supposed agent was engaged for him in the capacity of salesman, is sufficient for the determination of the jury upon the question, and a judgment as of nonsuit upon the evidence is properly refused.

APPEAL by defendant from *Adams, J.,* at February Term, 1918, of DAVIDSON.

This is an action against J. E. Workman, Jr., and Foy & Shemwell, for injuries to plaintiff's horses in an automobile collision. The automobile was driven by Workman, and the collision occurred on the public road between Lexington and Thomasville, at night. The car which Workman was running was the property of one McIlvaine, of Wilmington, N. C., and which had been left at the garage of Foy & Shemwell at Lexington, and which was taken out by Workman in the evening, and he, with a friend, Dr. Kibler, drove over to Thomasville, and at the time of the collision they were returning.

Workman was employed by Foy & Shemwell as salesman for Ford cars in certain territory.

Plaintiff recovered judgment, and Foy & Shemwell appealed.

Plaintiff alleges that at the time of the injury Workman was in the employment of Foy & Shemwell and on business for his employers.

Foy & Shemwell deny that Workman was on any business for them at the time of the injury.

It was not contended that there was no evidence of negligence against Workman.

A witness for the plaintiff was permitted to testify, over the objection of the defendants, that in the summer before the collision Workman tried to sell him an automobile for Foy & Shemwell; that he reached the place of the collision a few minutes after it occurred, and found Workman and others there, and that Workman asked him if he did not want his new automobile, and tried to sell him one. The defendants excepted.

There was a motion for judgment of nonsuit by Foy & Shemwell, which was overruled, and the defendants excepted.

*H. R. Kyser and Walser & Walser for plaintiff.*
*Raper & Raper for defendants.*

PER CURIAM. The principle for which the defendants contend is well settled, that neither the agency nor the extent of the authority of the agent can be proven by the acts and declarations of the agent, and that these acts and declarations are not admissible against the principal until evidence of the agency *aliunde* has been offered (*West v. Grocery Co.,* 138 N. C., 168), but the evidence objected to by the defendants was not offered for such purpose.

The agency and the authority to sell were shown by the admission of the defendant Shemwell to Sink, that Workman "worked for him"; by the evidence of Dr. Kibler, that "he (Workman) was selling automobiles for them" (Foy & Shemwell); by the evidence of Shemwell, that "at the time of the accident Mr. Workman was a salesman for Foy & Shemwell for Lexington territory," and, the agency and authority being established, at least *prima facie,* it was competent to prove that at the time of the collision the agent was "engaged in that which he was employed to do"—trying to sell automobiles, which is the meaning of acting within the scope of the employment. *Jackson v. Tel. Co.,* 139 N. C., 353.

Nor do we think the motion for judgment of nonsuit, based upon the position that there is no evidence that Workman was acting within the scope of his employment at the time of the collision, can be sustained. He was using a car taken from the garage of Foy & Shemwell at Lexington, and, according to the evidence of a witness for the defendant, he drove it to the garage of Foy & Shemwell at Thomasville. Neither of the defendants testified that the use of the car was without permission, and apparently Workman had no business except between the two garages of Foy & Shemwell. He tried to sell a car a few minutes after and at the place of the collision, and this is what he was employed to do, and when the plaintiff went to see Foy & Shemwell about the payment of damages Shemwell said "he was not responsible for the troubles that Workman got into while he was out; that he worked for him, but he was not responsible for his troubles."

What did Shemwell mean by this statement? Was it that he denied liability when Workman was "out" selling machines, or when he was "out" on his own business? Did he mean he worked for him generally, or that he worked for him at the time of the collision, the one thing he was discussing with the plaintiff?

These are questions which the jury alone could settle, and they were properly submitted to them.

There are other exceptions, but they depend on those discussed.

No error.