## MARYLAND CASUALTY CO. v. WOOLLEY.*

Circuit Court of Appeals, Ninth Circuit.
December 17, 1929.

No. 5873.

John Ralph Wilson and Carl E. Day, both of San Francisco, Cal., for appellant.

Francis St. J. Fox, of San Francisco, Cal., for appellee.

Before RUDKIN, DIETRICH, and WILBUR, Circuit Judges.

RUDKIN, Circuit Judge. This is an appeal from a judgment in favor of the plaintiff in an action for false imprisonment. There is no controversy over the facts. February 18, 1914, the appellee was appointed administrator of the estate of Eusebia Woolley, deceased, by an order of the superior court of the state of California, in and for the city and county of San Francisco. March 28, 1923, the appellant became surety on his bond as such administrator. July 14, 1927, the appellant, from its home office in Baltimore, addressed a letter to one of its representatives in the city of San Francisco, inclosing a petition for its release as surety on the above bond, with instructions to have the same acted upon as promptly as possible.

*Rehearing denied January 28, 1930.

August 6, 1927, the petition for release was filed in the proper court; on the same day an order was entered fixing August 22, 1927, as the time for hearing, and directing that notice in writing of the time and place of such hearing be served upon the administrator ten days before. August 8, 1927, notice was served as directed, and the appellee not appearing at the time and place appointed the court inquired of representatives of the appellant then present whether they desired an attachment. They answered in the affirmative, and an attachment accordingly issued, directed to the sheriff of Alameda county, commanding him to forthwith attach the body of the appellee and have him before the judge issuing the attachment on the following day at the hour of 10 o'clock a. m., then and there to show cause why he should not be punished for contempt in disobeying the mandate of the court. Pursuant to the attachment, the appellee was arrested and was confined in jail for a period of about 20 hours before he was released on his own recognizance. August 29, 1927, the court made an order releasing and discharging the appellant from any and all further liability on its bond.

The process under which the appellee was arrested and imprisoned was manifestly issued without warrant or authority of law, so that the principal question in the case is the responsibility of the appellant for the part taken by its agents in the wrongful arrest and imprisonment. The rule is well settled that the liability of a principal for the act of his agent in instituting a malicious prosecution or causing a false arrest or imprisonment is dependent on whether the principal previously authorized the act or subsequently ratified it, or whether the act was within the scope of the agent's employment. If previously authorized or subsequently ratified, or within the scope of the agent's employment, the principal is liable; otherwise, he is not. Here, the unlawful arrest and imprisonment was not authorized by the appellant, and there was no subsequent ratification, so that the question comes down to this: Was the act of the agents within the scope of their employment, that is, in directing its agent to have the petition for release acted upon as soon as possible, did the principal have any reason to anticipate that in so doing the appellee would be arrested or imprisoned? The scope of the agents' authority depended largely on what was required of them in obtaining the release of the surety on the bond and in carrying out the instructions of their principal.

Sections 1403, 1404, and 1405 of the Code of Civil Procedure of the state provide that, when a surety of any executor or administrator desires to be released from responsibility on account of future acts, he may make application to the superior court, or a judge thereof, for relief; that the court or judge must cause a citation to the executor or administrator to be issued, and served personally, requiring him to appear at a time and place, to be therein specified, and to give other security; that, if new sureties be given to the satisfaction of the judge, he may thereupon make an order that the sureties who applied for relief shall not be liable on their bond for any subsequent act, default, or misconduct of the executor or administrator, and that, if the executor or administrator neglects or refuses to give new sureties, to the satisfaction of the judge, on the return of the citation, or within such reasonable time as the judge shall allow, unless the surety making the application shall consent to a longer extension of time, the court or judge must, by order, revoke his letters. It will thus be seen that the court is powerless to compel an executor or administrator to give new sureties or to compel his appearance before the court for that purpose by attachment. The utmost the court can do is to fix a time within which new sureties shall be furnished, and, if the executor or administrator fails to comply with the order, his letters shall be revoked. No other action on the part of the court is contemplated or authorized.

It would seem quite manifest from what we have said that the arrest and imprisonment of the appellee was not within the scope of the authority of the agent who was simply instructed to file a prepared petition and procure the release of a surety on an administrator's bond. Thus, in Moore v. Cohen, 128 N. C. 345, 38 S. E. 919, it was held that, where a creditor sent a claim to an attorney for collection, in the usual course of business, and the attorney, without the knowledge or consent of the creditor, illegally caused the arrest of the debtor in enforcing collection, the creditor was not responsible for the arrest, the same not being within the scope of the attorney's duty. In West v. A. F. Messick Grocery Co., 138 N. C. 166, 50 S. E. 565, an attorney was employed by a creditor for the purpose of attaching the property of another, and it was held that the creditor was not liable for the unauthorized act of the attorney in causing his arrest. In Russell v. Palentine Ins. Co., 106 Miss. 290, 63 So. 644, 51 L. R. A. (N. S.) 471, it was held that, while one employed by an insurance company to collect a balance due the company from a former agent was authorized to employ all appropriate means to collect the amount due, he was not authorized to institute a prosecution for embezzlement for that purpose, and that the insurance company would not be liable in an action for malicious prosecution if he did so. From these views, there seems to be no dissent.

We are therefore of opinion that the agent, or agents, of the appellant were not authorized to cause the arrest or imprisonment of the appellee; that their act in so doing was not within the scope of their authority; that there has been no ratification, and consequently that there is no liability on the part of the appellant.

The judgment is reversed, and the cause remanded for a new trial.