ROY ELLIS, BY HIS NEXT FRIEND. W. C. ELLIS, AND HOKE HARDISTER, BY HIS NEXT FRIEND, G. F. HARDISTER, v. FARMERS BANK AND TRUST COMPANY AND R. L. PHILLIPS.

(Filed 22 January, 1936.)

**False Imprisonment A c—Defendant must have willfully procured arrest of plaintiffs in order to be liable in action for false imprisonment.**

Evidence that the individual defendant, in attempting to apprehend a thief of the corporate defendant's property, swore out a warrant for a named person, and went with a deputy sheriff to serve the warrant, and that the person so served implicated two others in the theft, that the individual defendant refused to write in the names of such others in the warrant, whereupon the officer, in the individual defendant's presence,

did write in the names of such others and thereafter arrested such others in the absence of the individual defendant, and that they were thereafter acquitted of the charge, *is held* insufficient to overrule defendants' motions to nonsuit in an action for false imprisonment instituted by the persons whose names had been written in the warrant by the officer, since the evidence fails to show that either arrest was willfully procured by the individual defendant, but to the contrary, that the individual defendant expressly declined to write the names of plaintiffs in the warrant and did not request or authorize the officer to make the arrests.

Appeal by defendants from *Sinclair, J.,* at April Term, 1935, of Hoke. Reversed.

Two civil actions, instituted and pending in the Superior Court of Hoke County, one by Roy Ellis, appearing by his next friend, W. C. Ellis, and the other by Hoke Hardister, appearing by his next friend, G. F. Hardister, both against Farmers Bank and Trust Company and R. L. Phillips, were by consent consolidated for trial, and were tried together on the issues arising on the pleadings in each action.

The issues submitted to the jury were answered in favor of the plaintiff in each action.

The jury found that the plaintiff in each action was illegally arrested, as alleged in his complaint; that the defendant R. L. Phillips, acting as the agent of his codefendant, Farmers Bank and Trust Company, procured the illegal arrest of each of the plaintiffs; and that each of the plaintiffs was entitled to recover of the defendants, as damages, the sum of $875.00.

From the judgment in each action that the plaintiff therein recover of the defendants, jointly and severally, the sum of $875.00 and the costs of the action, the defendants appealed to the Supreme Court, assigning as error, chiefly, the refusal of the trial court to allow their motions for judgment as of nonsuit at the close of all the evidence.

*Cox & Cox for plaintiffs.*
*J. C. Sedberry for defendants.*

Connor, J. Conceding without deciding that there was evidence at the trial of these actions tending to show that the plaintiff in each action was arrested by an officer of Hoke County, as contended by the plaintiffs (see *Rhodes v. Collins,* 198 N. C., 23, 150 S. E., 492), and that such arrest was illegal because made under a void warrant, we are of opinion that there was no evidence tending to show that either arrest was willfully procured by the defendant R. L. Phillips. We must accordingly hold that there was error in the refusal of the trial court to allow the motions of the defendants, at the close of all the evidence, for judgment as of nonsuit in each action. For this reason, the judgment in each action is reversed.

The evidence at the trial showed that on 24 January, 1935, the defendant R. L. Phillips, cashier of the defendant Farmers Bank and Trust Company, procured the issuance of a criminal warrant by the clerk of the Superior Court of Scotland County, for the arrest of one Willis Allsbrook for the larceny of certain timber, the property of the defendant Farmers Bank and Trust Company, of Rockingham, N. C.; that said warrant was directed to any lawful officer of Moore County, and was returnable to the criminal court of Scotland County; that the defendant R. L. Phillips, accompanied by a deputy sheriff of Scotland County, who had the warrant in his possession, went to Raeford, in Hoke County, and there had a conversation with one George Davis, who was then confined in the county jail of Hoke County; that in said conversation, at which a deputy sheriff of Hoke County was present, the said George Davis implicated the plaintiffs in these actions in the larceny with which Willis Allsbrook had been charged; that after said conversation, the deputy sheriff of Hoke County, in the presence of the said R. L. Phillips and of the deputy sheriff of Scotland County, after the said R. L. Phillips had refused to do so, wrote the names of the plaintiffs, to wit: Roy Ellis and Hoke Hardister, in the warrant which the said R. L. Phillips had procured for the arrest of Willis Allsbrook; and that thereafter the deputy sheriff of Hoke County went to the homes of the plaintiffs in Hoke County with the said warrant for the purpose of arresting each of the plaintiffs under said warrant. Neither of the plaintiffs was at his home when the deputy sheriff went there, but each of the plaintiffs subsequently signed a bond for his appearance at the criminal court of Scotland County to answer the charge made against him in the warrant. Each of the plaintiffs duly appeared as required by his bond, and upon his trial was found not guilty of the larceny with which he was charged.

This evidence did not show that the warrant for the arrest of the plaintiffs was procured by the defendant R. L. Phillips. All the evidence shows the contrary. The said defendant expressly declined to write the names of the plaintiffs or either of them in the warrant which he had procured for the arrest of Willis Allsbrook, nor did he authorize or request the deputy sheriff of Hoke County to arrest either of the defendants. He did not go with the said deputy sheriff to the home of either of the plaintiffs, nor was he present when either of the plaintiffs signed the bond for his appearance at the trial in the criminal court of Scotland County.

There was error in the refusal of the trial court to dismiss the action. For this error, the judgment in each action is

Reversed.