## W. L. BAGLEY v. INDUSTRIAL BANK.

(Filed 30 September, 1942.)

**Malicious Prosecution § 9—**

In an action to recover damages for malicious prosecution, evidence that a collector for the defendant bank called on plaintiff for a past-due installment on his note held by the bank, received a check dated the next day which was not paid, and later swore out a criminal warrant for plaintiff upon which plaintiff was acquitted, without other evidence of the collector's authority from the bank to institute the prosecution on its behalf, *is held* insufficient, and judgment of nonsuit allowed.

APPEAL by plaintiff from *Dixon, Special Judge,* at April Term, 1942, of PERQUIMANS. Affirmed.

This was an action to recover damages for malicious prosecution. At the close of plaintiff's evidence motion for judgment of nonsuit was allowed, and from judgment dismissing the action plaintiff appealed.

*C. R. Holmes and J. Henry LeRoy for plaintiff.*
*M. B. Simpson and McMullan & McMullan for defendant.*

DEVIN, J. The only question presented by this appeal is whether plaintiff has offered sufficient evidence to carry the case to the jury as against the defendant bank. The material facts in evidence were these:

The plaintiff was indebted to the defendant bank on a note payable in monthly installments. One L. L. Morrisette, on 13 February, 1941, called on plaintiff for a past-due installment on the note. Plaintiff gave him a check for the amount, dated 14 February, 1941. Plaintiff testified: "I don't think I had enough money in the bank to pay it, and I told him I didn't have it." The check was not paid, and on 14 March, 1941, warrant was sworn out against the plaintiff by L. L. Morrisette charging him with uttering a worthless check. No representative of the bank appeared at the trial other than Morrisette, who was examined as a witness. Defendant was acquitted of the charge. The plaintiff's note to the bank was paid by an endorser. There was no evidence as to what Morrisette's connection with the defendant bank was except that he called on plaintiff for this payment and took the check therefor; that he charged plaintiff $1.25 for going there and collecting it; that he subsequently took plaintiff's car, which was security for the note, saying he was taking it back for the defendant bank, and delivered the car to the endorser of plaintiff's note; that he had been seen calling on delinquents for the bank for a year or more. It did not appear that Morrisette was an officer of

4—222

the bank, or either directly or by implication clothed with authority to institute a criminal prosecution on its behalf on account of a past transaction. The motion for judgment of nonsuit was properly allowed. *Willis v. R. R.,* 120 N. C., 508, 26 S. E., 784; *West v. Grocery Co.,* 138 N. C., 166, 50 S. E., 565; *Powell v. Fiber Co.,* 150 N. C., 12, 63 S. E., 159; *Lamm v. Charles Stores Co.,* 201 N. C., 134, 159 S. E., 444; *Parrish v. Mfg. Co.,* 211 N. C., 7, 188 S. E., 817; *Hammond v. Eckerd's,* 220 N. C., 596, 18 S. E. (2d), 151. In *Dickerson v. Refining Co.,* 201 N. C., 90, 159 S. E., 446, cited by plaintiff, there was some evidence that the prosecution was authorized by defendant's manager in charge.

The judgment must be

Affirmed.