Nash, J.
 

 The mistake of the defendant in this case, in refusing to have the land in controversy resurveyed, rest§, apparently, upon an opinion formed by him, that, as the agreement of the 27th of January 1843 required the number of acres, contained in the tract, to be ascertained from the field notes of Lewis Reavis, the parties were bound by them, so that neither was at liberty to depart from them. It is certainly correct, as a general rule, that, where the parties to a contract have reduced its terms to writing, the whole sense of the parties is presumed to be contained in the written instrument, and a departure from it is not allowable. But it is one of the established rules of a Court of
 
 Equity to grant
 
 relief in cases of a mistake of matters of fact, when the mistaken fact constitutes a material ingredient in the contract of the parties. But, to authorise this interference, the mis
 
 *11
 
 take must be made out by proofs entirely satisfactory. Story’s Eq. sec. 151-2-3. In the case before us, the land was sold for so much per acre, and in order to ascertain what the plaintiff had to pay and the defendant to receive, it was essential to have the tract surveyed. Neither party knew, at that time, what it did contain. Lewis Reavis, in whose capacity as a surveyor each had confidence, wass elected, his survey was made, and, upon his delay to make a plot to estimate the quantity of acres, the defendant procured his field notes and made the calculation himself. The plaintiff declined being governed by the defendant’s calculation, and there was no obligation upon him to receive it as correct. After some difficulty, the new agreement of the 27th of January, 1843, was made, and in this it was stipulated, that the field notes of Mr. Reavis should be put into the hands “of a competent and accurate surveyor and plotter,” and from them an estimate should be made. The mistake, upon which relief is to be granted, is, that the field notes of Reavis were supposed to be such, as from them an accurate estimate might be made. It is fair to presume, that, at the time this agreement was entered into, each party believed such to be the fact, and it is clear the plaintiff so thought. The fact, however, turns out not to be so. Both Mr. Littlejohn and Mr. Sumner, the parties selected for their skill and competence, testify, that no approach to accuracy could be made in plotting and estimating the quantity of acres, from the field notes of Reavis ; that the last line could n,ot be made to close the plot. To the same effect is the testimony of Mr. Bullock, the County Surveyor. According to this testimony, then, the agreement of the 27th of January could not be literally carried out — the parties were mutually mistaken in so believing. The substance of the agreement was the accurate ascertainment of the number of acres contained in the tract, and for the purchase of which, the plaintiff had contracted. The survey, ihade
 
 *12
 
 by Reavis, was of no value; aud it was absolutely necessary that another should be made. The proposition, made by the plaintiff, to have the land re surveyed, was a proper one, and the only one, by which the contract could be carried into execution ; and it is to be regretted, that it was not acceded to.
 

 The defendant’s allegation, that he had settled with the Trustee, from' who» he purchased, upon an estimation based upon Reavis’ survey ; and that the plaintiff, after waiting the time he has, before filing his bill, ought not to be permitted to call in question its accuracy, cannot avail him. Pie paid the money to the Trustee on his own responsibility, upon an estimate made by himself, tbe accuracy of which he knew was. questioned. The defendant had no, concern or interest in his contract with the Trustee', or with his payment of the money to him ; and to him the defendant must look, if he has paid him more than he was bound to do.
 

 The plaintiff is entitled to the relief he seeks, upon the footing of the mistake in Reavis’ survey. But the Court will n.ot proceed definitely to determine, upon the evidence, the deficiency in the tract of land, as the defendant requires a re-survey ; which is granted according to the eourse of the Court..
 

 Per Curiam.
 

 Decree accordingly.