JOHN G. KING v. ISAAC PORTIS and others.

*Mortgage--Judgment--Execution Sale.*

1. Under the statute (Bat. Rev. ch. 35, § 12,) a mortgage deed conveying land which is not registered in the County where the land lies is not valid as against creditors or purchasers for value.

2. A docketed judgment is a lien only upon so much of the real property of the defendant as is situated in the County where the same is docketed. (C. C. P. § 254.)

3. Where a purchaser at a sale under a decree of foreclosure, or a purchaser at execution sale, obtains a deed for a tract of land lying in two Counties, and the mortgage was registered or the judgment docketed only in one County; *Held,* That such deed conveys no title as against creditors or purchasers for value, to that part of the land lying in the other County.

CIVIL ACTION, for the Possession of Land, tried at Spring Term, 1877, of FRANKLIN Superior Court, before *Buxton, J.*

On the 16th of April, 1866, one Thomas K. Thomas executed a fee simple deed to a corporation known as the Portis Gold Mining Company, conveying a tract of land and describing it by metes and bounds, and as situated in the County of Franklin. The defendants loaned to said Company a considerable sum and to secure the payment thereof, the Company executed a mortgage conveying said land to the defendants. In an action to foreclose this mortgage, a commissioner was appointed to sell the land, and on the 7th of November, 1870, did sell the same at Louisburg, and L. G. Sturgis one of the defendants became the purchaser. The purchase money was paid and a deed made to the purchaser, describing the land as aforesaid. The defendants also claimed title as purchasers at execution sale. At the same term of the Court when the above proceeding was had, the plaintiff obtained judgment against said Company and Thomas K. Thomas, who was a Director of the Company,

and its manager. He (Thomas) knowing that a part of said tract was situated in Nash County, and acting for and under the authority of the plaintiff, procured a transcript of the plaintiff's judgment to be docketed in Nash County, without any notice to the defendants. Execution issued thereon and the Sheriff of Nash sold ·that part of the land lying in his County and said Thomas became the purchaser, and assigned his bid to the plaintiff who obtained a deed from the Sheriff. By a survey it was found that 775 acres of this tract were in Franklin, and 125 acres in Nash. This action was brought to recover the portion lying in Nash, but His Honor being of opinion with the defendants gave judgment accordingly and the plaintiff appealed.

*Mr. J. J. Davis,* for plaintiff.
*Mr. C. M. Cooke,* for defendants.

FAIRCLOTH, J. Both parties claim the land in controversy under the Portis Gold Mining Company, and it is conceded that the plaintiff has a good title unless the defendant acquired title by prior purchases.

The first question is whether a mortgage of one tract of land described by metes and bounds and registered in one County only—both mortgagor and mortgagee believing the whole tract to be situated in such County—is valid against creditors or purchasers, when in fact a part of said tract is situated in an adjoining County, about which the controversy arises. And this question turns upon the construction of our Registration Act, Bat. Rev. ch. 35.

At common law the most ancient and public mode of conveying land was by feoffment, and this was effectual to pass freehold estates only by livery of seizin. The object of this ceremony was to give notice of the transfer to the neighboring freeholders of the County, and the feoffment and livery of one parcel in the name of all the other parcels in the *same*

KING *v.* PORTIS.

County of which the feoffor was possessed, were sufficient, because the freeholders who might be summoned on the jury in the event of a dispute about title had the same notice in regard to the several parcels. If however the lands be in different Counties it was necessary to make as many liveries as there were Counties, for the reason that if controversies should arise, there must be as many trials as there were Counties, and a jury in one County. were no judges of the notoriety of a fact in another. Co. Litt. 50, a.

And so it was in the case of a disseizin. If the disseizee should resort to his writ and the lands lie in different Counties, there must be several actions and consequently several entries, which would not be necessary if the several parcels were in the same County. Co. Litt. 252, b.

At a later period the Enrolment and Registration Acts were passed as a more convenient method of giving notoriety to transfers of real property. Deeds and mortgages are valid *inter partes* without registration. But our Act, § 12, expressly declares that no mortgage deed shall be valid to pass any property as against creditors or purchasers for a valuable consideration, but from the registration thereof " in the County where the land lieth." It is plain, therefore, that the mortgage was inoperative beyond the limits of the County in which it was registered as against the plaintiff

The defendant also claims title as purchaser at a Sheriff's sale made in the same County in which the mortgage was registered, under a *fi. fa.* issued upon a judgment docketed in the same County. We do not see how this gave him title to land in the adjoining County. Under our former system he could not have obtained title or a lien upon such land without an actual levy, and a docketed judgment ' shall be a lien on real property *in* the County where the same is docketed." C. C. P. § 254.

We are therefore of opinion that neither the mortgage nor the judgment was of any effect as against the plaintiff be-

yond the County in which they were recorded, and we do not see how the Sheriff of one County can sell land in another except in special cases provided for by statute. The fact that the land in dispute is a part of the same tract as that purchased by the defendant and described by the same instrument by metes and bounds can make no difference. The lien acquired is limited as above stated.

There is error.

We are unable to enter judgment for the plaintiff in this Court because we have no description of the land sued for, nor any means of identifying the same, which probably results from the fact that there is no copy of the complaint filed with the record.

PER CURIAM.                              Judgment reversed.