## KING v. HOBBS.

### (Filed October 3, 1905).

*Reformation and Correction—Bond for Title—Mutual Mis-
take—Degree of Proof—Evidence.*

1.  To correct a bond for title on the ground of mistake, the evidence
    must be strong, clear and convincing, and where there is any
    evidence to go to a jury on the question, they are to determine
    under proper instructions whether the evidence is of the char-
    acter required.

2.  Where both the plaintiff and defendant testified that before they
    went to a justice of the peace to have a bond for title written,
    they had come to a definite contract of sale of the land, and that
    the timber previously sold and conveyed to a lumber company
    was excepted, a prayer for instruction "that there was no evi-
    dence to show that the clauses exempting from the bond the
    right and interest of the lumber company in the land were
    omitted from said bond by the mutual mistake of the parties,"
    was properly denied.

Action by S. J. King against T. A. Hobbs, heard by
*Judge O. H. Allen* and a jury, at the May Term, 1905, of
the Superior Court of Sampson County.

The plaintiff alleged that in 1892 he sold and conveyed to
a lumber company the short straw timber growing on a tract
of land situated in Sampson County, and the company
owned the same under a registered deed; and that in 1902
he sold this tract of land to the defendant for $300, and exe-
cuted to the defendant a bond to make title on payment of
the purchase money. This bond contained a stipulation that
on payment of the purchase money, the plaintiff would make
to the defendant a good, sure and indefeasible estate of inher-
itance, free from any and all incumbrances whatever. The
plaintiff further alleged that in the sale of the land to the
defendant, the short straw timber previously conveyed to the
lumber company was excepted, and a stipulation to that effect

KING v. HOBBS.

was omitted from the contract by the mutual mistake of the parties, and demanded judgment that the instrument be corrected and for the full amount of the purchase money. The defendant denied that there was any mistake, and resisted recovery on the ground that the short straw timber had been previously conveyed, and further claimed damages for breach of covenant by way of counterclaim, in case recovery was had against him on the purchase price. The single issue submitted was as to the alleged mistake in the bond for title. Verdict and judgment for plaintiff for full amount of purchase money. Defendant excepted and appealed.

F. R. Cooper for the plaintiff.
John D. Kerr for the defendant.

HOKE, J., after stating the case: At the close of the testimony, the defendant requested the judge to charge the jury "that there was no evidence to show that the clauses exempting from the bond for title the right and interest of the lumber company in the land in controversy were omitted from said bond by the mutual mistake of the parties." The prayer for instruction was refused, and the defendant excepted. This exception raises the only point presented for our consideration.

To correct an instrument of this character on the ground of mistake, the evidence must be strong, clear and convincing, and our decisions have established the principle that where there is any evidence to go to a jury on the question, they are to determine under proper instructions whether the evidence is of the character required. *Lehew v. Hewett,* 138 N. C., 6. Under the charge of His Honor, the jury have found the issues as to the mistake against the defendant, and the court is of the opinion not only that there was evidence sufficient to be submitted to the jury, but that it fully justifies the verdict which they rendered.

King *v.* Hobbs.

Both the plaintiff and the defendant testify that before they went to the justice of the peace to have the instrument written, they had come to a definite contract of sale of the land, and that the timber previously sold and conveyed to the lumber company was excepted. King, the plaintiff, testified that he was to give the bond for just what he had; that Hobbs knew all about the sale of the short straw timber to the company, and talked about how it was to be measured; that he sold Hobbs the land and the long straw timber, and Hobbs was to take the witness's place with the lumber company.

Hobbs, the defendant, testified that "at the gin (the place where the trade was made), the plaintiff did tell me he had sold the short straw timber. I thought I was buying the land with the timber left out. When the bond was signed, I thought I was buying all timber except 12 inches and upward. He told me he had sold that. I did not understand I was buying that. I knew there was a deed." The defendaant also testified "that the clause in question was not left out by mistake, and that nothing was said about excepting anything."

A witness by the name of Bradshaw testified: "Hobbs, the defendant, told me he had bought the land, and all he disliked about it was that the timber on it was sold."

The plaintiff and the defendant then went to a justice of the peace to have their contract put in writing, and the justice evidently by inadvertence or mistake (whether of himself or the parties makes no difference), omitted a material stipulation. In such case all the authorities are agreed that the instrument will be reformed so as to express the true intent and meaning of the parties.

This is not an instance of an essential mistake or misunderstanding in the agreement itself, nor where the written instrument is supposed to embody the first and only contract of the parties, but is a case of an error of expression where

the parties have come to a definite agreement beforehand, and, in the endeavor to put this agreement in writing, a mistake is made, so that the instrument as drawn does not, in some material point, express the contract it was intended to evidence. In 20 Am. & Eng. Enc. (2nd Ed.), page 823, it is said: "That in mistakes of this kind the only inquiry is, does the instrument contain what the parties intended that it should, and understood that it did? Is it their agreement? And it is wholly immaterial whether the defect is a statutory or common law requisite, or whether the parties failed to make the instrument in the form they intended, or misapprehended its legal effect." The authorities are numerous and fully bear out this statement of the doctrine. *Stamper v. Hawkins*, 41 N. C., 7; *Warehouse Co. v. Ozment*, 132 N. C., 839; *Rogers v. Atkinson*, 1 Ga., 12; *Stines v. Hayes*, 36 N. J. Eq., 364; *Leitensdorfer v. Delphy*, 15 Mo., 137. In this last case, it is held that "equity will correct a mistake, either as to fact or law, made by a draftsman of a conveyance or other instrument which does not fulfill, or which violates the manifest intention of the parties to the agreement." In *Stines v. Hayes, supra*, it is said: "Nor will the fact that the defendant denies that there is a mistake and testifies that the deed was drawn according to the intention of the parties, prevent the court from granting the relief if it is satisfied that the deed is not in accordance with the agreement, but ought to be so." And it has been held that the courts will correct an error of this kind when the complainant himself drew the paper. *Cassady v. Metcalf*, 66 Mo., 519.

This last case, in the principal facts, is very similar to the one before us, and it is there held that "a court of equity will order a contract to be reformed so as to make it speak the actual agreement of the parties, when satisfied that by mistake, in reducing it to writing, property has been transferred which it was not the intention of either should be included in the contract, and this in a case where the complainant

himself drew the paper. It is immaterial how the mistake happened, whether by a misunderstanding of the meaning of the words or through sheer carelessness."

. There was no error in refusing the defendant's prayer for instruction, and the judgment of the court below is

Affirmed.