CALVIN A. SHOOK v. JAMES A. AND JAMES M. LOVE.

(Filed 17 November, 1915.)

**1. Equity—Reformation—Deeds and Conveyances.**

Equity will not relieve against a deed for mistake of one of the parties unless it is shown that it was brought about by the fraud of the other; but it will reform a deed, in the absence of such a fraud, where the mistake of the parties is mutual, or is that of the draftsman entrusted to prepare the instrument.

**2. Same—Timber Deeds—Registration—Evidence.**

Where the grantor in a deed to lands has theretofore conveyed the timber thereon, with the usual provisions as to the time for cutting and removing it, but the deed to the timber is registered after that conveying the lands, evidence that the grantor informed the grantee in the deed to the lands, at the time of the conveyance, that there was an outstanding deed for the timber thereon expiring at a certain future time, is not alone sufficient upon which a court of equity will reform the deed to the lands, upon allegation that by mutual mistake of the parties the timber was embraced in it, and thus avoid the title to the timber under the prior registered deed to the lands.

APPEAL by defendants from *Allen, J.,* at February Term, 1915, of ROBESON.

Civil action tried upon certain issues submitted to the jury, as follows:

1. Was it agreed between Hector Currie and C. A. Shook, at the time the deed to Shook was delivered, that the timber and rights theretofore conveyed to J. M. Love & Co. under the timber deed made to them should be excepted?

2. Was said clause omitted from deed by mutual mistake of the parties to said deed?

3. Was said clause omitted from said deed by mistake of the draftsman of said deed?

4. What was the value of the timber in dispute herein?

The court instructed the jury that there was no sufficient evidence to sustain an affirmative answer to the second and third issues and directed the jury to answer them "No." The defendants excepted. The jury answered the first and fourth issues in favor of the plaintiff. The defendants appealed.

*McIntyre, Lawrence & Proctor for plaintiff.*
*McLean, Varser & McLean, Shaw & McLean for defendants.*

BROWN, J. This action is brought by the plaintiff to recover damages of the defendant for cutting timber upon the lands described in the complaint and for an injunction prohibiting the cutting of same. The defendants answer and admit the cutting of the timber, claiming it as their own under a deed conveying the said timber, executed by Hector Currie (under whom the plaintiff claims) to J. M. Love & Co., dated 23 February, 1911, with the privilege of three years from said date within which to cut and remove the said timber.

The defendants further answer and say that the plaintiff claims title to the land by virtue of an alleged deed from said Hector Currie, in regard to which these defendants say:

"That they are advised and believe that when said deed was executed it was understood and agreed between the said Hector Currie and the draftsman thereof, and the plaintiff, that the said deed should not include any of the timber rights or privileges that would in any way interfere with the rights, property and privileges given these defendants, as set forth in Exhibit 'A' hereto attached, but that by mutual mistake of the parties, or the draftsman, the provisions embodying said agreement were omitted from said deed, although it was distinctly understood and agreed that the timber described in Exhibit 'A' was not sold by said deed, as it had already been sold, and was not to be conveyed;

"That the real transaction between the plaintiff and the said Hector Currie was a purchase of the lands described in the first paragraph of the complaint, subject to the rights of these defendants, as expressed in Exhibit 'A,' and that they are advised and believe that the same having been omitted from said deed by mutual mistake of the parties, or of the draftsman, said plaintiff paid no value for so much of the property included in said deed which is included in Exhibit 'A,' and is not an innocent purchaser for value therefor."

The defendants then pray for reformation of the deed so as to omit the timber conveyed to them by the aforesaid deed of 23 February, 1911. The power of a court of equity to reform written instruments so as to speak the real contract of the parties is beyond question, but the power is exercised along well-known lines. An instrument will not be reformed because of the mistake of one of the parties unless brought about by the fraud of the other, but will be reformed where the mistake is mutual upon the part of all the parties, or when it is the mistake of the draftsman who is entrusted to prepare the instrument.

The testimony in this case tends to prove that the deed under which the defendants claim the timber was executed on 23 February, 1911, and was recorded 4 January, 1913. The said deed conveys to the defendants the timber upon the land described therein, with the right to cut and remove the same within three years from said date. The deed under which the plaintiff claims was executed by Currie 17 November, 1911, and was recorded prior to the deed under which the defendants claim.

There is no evidence in this record which tends to prove that at the time when the deed was made from Currie to the plaintiff it was the intention of the parties to the instrument to except from its operation the estate in the timber which had been previously conveyed to these defendants. There is evidence that Currie told the plaintiff that he had sold the timber to Love with the privilege of cutting and removing it up to about 1 January, 1913. The deposition of Currie tends to prove that there was no mutual mistake in the preparation or the execution of this deed. Both parties understood that the timber was to be exempted up to that date or thereabouts.

The testimony goes on to prove that Currie did not deem it necessary to put in the deed that the timber was exempted, because the plaintiff knew of it. The whole trade seems to have been based upon the idea that the plaintiff was not to have the right to stop the cutting of the timber until after 1 January, 1913, or thereabouts. The fact that the sale of the timber to the defendants was discussed by the plaintiff and Currie is no evidence that a reference to it in the deed was omitted by mutual mistake. *Helms v. Helms,* 135 N. C., 164.

There does not seem to be any purpose upon the part of the parties to the deed to specifically exempt the timber from its operation. It seemed to be simply understood that the plaintiff was not to interfere with the right of the defendants to cut and remove the timber up to that time. Nor does it appear that the failure to except the timber was due to any mistake on the part of the draftsman, who was a surveyor of forty years experience, and a man of long practice in the drawing of deeds. The testimony shows that there was no instruction given to

the draftsman to except the timber, although he knew that it had been previously conveyed to Love. The draftsman, himself, testified:

"Currie phoned me about drawing the deed. All that Currie phoned me was that he had sold the land and wanted me to draw the deed, and that the timber had been sold. Currie did not tell me to whom he had sold the timber, or how long he had to cut or remove it, or what was to become of the timber after his time to cut and remove it had expired. Currie read the deed over to himself and then signed it. He was an intelligent man, had a good common education and wrote a good hand."

The evidence tends further to prove that the plaintiff made no claim on the timber until after 1 January, 1913, and that up to that time he permitted the defendants to cut the timber without molesting them; in fact, he seems to have asserted no claim to it, but to have lived up to his contract up to that time.

It is the defendants' misfortune that they did not put their deed on record, as prudence should have dictated.

The judgment of the Superior Court is

Affirmed.