J. M. AND W. H. ALLEN v. ROANOKE RAILROAD AND LUMBER
COMPANY.

(Filed 12 April, 1916.)

### 1. Deeds and Conveyances—Registration—Notice.

No notice, however full and formal, as to the existence of a prior deed will of itself supply the place of registration as required by our statute.

### 2. Same—Adjoining Counties—Reference to Former Deeds—Trusts.

Where a deed conveys a tract of land partly situated in two adjoining counties, the registration thereof in one county has no effect beyond its own borders as against a registered conveyance of the land situate in the adjoining county derived from the same grantor, though subsequently executed; and where the later deed refers to the former one only for a better description, the rule does not obtain that such recitals create an interest or engraft a trust upon the property conveyed, and so protect such interest or estate by the registration of the later instrument; and especially when such instrument referred to is not immediately from the same grantor.

### 3. Reformation of Instruments—Fraud—Mutual Mistake—Inadequate Consideration—Deeds and Conveyances—Trials—Evidence.

In order to successfully invoke the equitable jurisdiction of our courts to correct a deed for mistake, it must be shown that the mistake was mutual, or the mistake of one superinduced by the fraud of the other; and the evidence in this case tending only to show that the grantor instructed his draftsman to convey the land, reserving the timber, without the knowledge of the grantee, which was not expressed in the deed, and that the price was inadequate for both the timber and land conveyed, is held insufficient both as to the questions of mutual mistake and fraud.

### 4. Principal and Agent—Evidence—Declarations—Direct Testimony.

The principle that excludes declarations of an agent as to his authority to bind his principal by his acts can have no application where the agent himself testifies to the fact, as a witness in the suit.

### 5. Appeal and Error—Assignments of Error—Brief.

A question not presented by exceptions or assignments of error, but only discussed in appellant's brief, will not be considered on appeal.

CLARK, C. J., concurring.

APPEAL by defendant from *Peebles, J.,* at September Term, 1915, of WAKE.

Civil action. From an inspection of the record, it appears that, heretofore, in 1913, J. M. and W. H. Allen instituted an action against the lumber company to restrain cutting of timber on plaintiff's land in Franklin County and to recover damage for cutting already done; that Nannie R. Sills and her children and heirs at law, grantors in the deed conveying the land to the Allens, had instituted an action against them in the county of Nash to correct the deed, alleging that the growing timber

on the land was included in the deed by mistake of the parties. Both actions were removed to Wake County, and, having been consolidated by order of court, the questions were submitted to the jury on issues as follows:

1.   Are J. M. and W. H. Allen the owners in fee and entitled to the possession of the lands described in the complaint and the timber growing thereon, situated in Franklin County, N. C.?

2.   Are J. M. and W. H. Allen the owners in fee and entitled to the possession of that part of said lands situated in Nash County, N. C.?

3.   Did the Roanoke Railroad and Lumber Company wrongfully and unlawfully cut and remove any timber from the lands situated in Franklin County, N. C., as alleged?

4.   If so, what damages, if any, are J. M. and W. H. Allen entitled to recover?

On the trial, the facts in evidence tended to show that Nannie R. Sills, and her two children and heirs at law, codefendants, were the owners of a body of land, amounting to near 260 acres, lying in the counties of Franklin and Nash, about 209 acres of same being in the former county, and that in May, 1912, for $3,325, they conveyed said land to plaintiffs, and the deed therefor was registered in Franklin County on 26 June, 1912, and in Nash County on 7 August, 1912. It was admitted that the timber growing on the part of the land in Nash County had been already cut and removed by defendant company, and that they had title to that portion of timber; that prior to the execution of the aforesaid deed, to wit, 20 September, 1905, the Sillses, owners, had conveyed the timber growing on these lands to A. G. Taylor and B. G. Alston, and the deed was recorded in Nash County 28 October, 1905, but was not registered in Franklin County till after the commencement of the action in 1913; that on 27 October, 1905, Alston and Taylor conveyed the timber to the Nash County Timber Company, and the deed was registered in Nash County 28 October, 1905, but not in Franklin County till after this action commenced. The Nash County Timber Company conveyed the timber to defendant the Roanoke Railroad and Lumber Company by deed dated 25 June, 1907, and same was registered in Nash County September, 1907, and in Franklin County 23 September, 1907. This deed does not describe the lands, but conveys "all the trees, timber, etc., which are described and conveyed in the following deeds, to which reference is made for a more definite and accurate description: first, the following deeds registered in Nash County," etc., and among the deeds recited is that from G. W. Taylor and wife *et al.,* book 150, p. 307.

There were facts in evidence as to the alleged trespass and amount of damage done, and also testimony offered by defendants for the purpose of establishing the alleged mistake.

At the close of the testimony the court charged the jury that if they believed the evidence they would answer the issues as to title in favor of plaintiffs, and submitted the question of damages for their decision.

Verdict for plaintiff, and defendant company excepted and appealed.

*W. H. Yarborough, W. M. Person, Armistead Jones & Son, and Manning & Kitchin* for plaintiff.

*R. N. Simms, Small, MacLean, Bragaw & Rodman* for defendant.

HOKE, J., after stating the facts: It has been repeatedly held with us that, under our registration laws, no notice, however full and formal, as to the existence of a prior deed, will of itself supply the place of registration. *Piano Co. v. Spruill,* 150 N. C., 168; *Tremaine v. Williams,* 144 N. C., 116; *Quinnerly v. Quinnerly,* 114 N. C., 145; *Todd v. Outlaw,* 79 N. C., 235. This being true, the deed to plaintiffs from Mrs. Sills and her children, the original owners, conveying the land and all that was on it of a permanent nature, including the growing timber, having been registered in Franklin County before any conveyance of the timber from these owners to defendant or to any one under whom the defendants claim, on the record as it now stands the plaintiffs have the better title, and the position is not affected because the deeds of defendants were first registered in Nash County, where a portion of the land is situate. Our statute, Revisal, 980, establishes priority of right from registration in the "county where the land lieth," and the registration in Nash had no effect beyond the borders of that county. *King v. Portis,* 77 N. C., 25.

It is urged for defendant, the lumber company, that the plaintiffs are affected with *legal notice* of their claim, as we understand the argument, by reason of the registration in Franklin County of the deed from the Nash Timber Company to the lumber company, this deed having been registered in Franklin in 1907, and making some reference to the former deed of Alston and Taylor to said lumber company. There are decisions on the subject which hold that a deed by its recitals, etc., may so recognize and refer to the existence of a prior deed as to create an interest or engraft a trust upon the property conveyed, and so protect such interest or estate by registration of the latter instrument, an instance presented in *Hinton v. Leigh,* 102 N. C., 28, and one or two other cases in our Reports; but in the case before us the provision is not at all of that character, but only refers to the Taylor and Alston deed for a better description of the property, and did not purport to have any further effect. *Piano Co. v. Spruill, supra.* And, if it were otherwise, the reference relied upon is to a deed from Taylor and Alston, and not to any deed or conveyance from Mrs. Sills and her children.

The purpose of our registration acts is to enable creditors and purchasers for value to ascertain the true owner, and the priority of right

should arise from the prior registering of the deed passing the property from such owner. This, as we have seen, the plaintiffs have, and it must be held, therefore, as stated, that they hold the superior claims.

It is further insisted that his Honor, on some appropriate issue, should have submitted the question involved in the suit by Mrs. Sills and her children to correct the deed made by them to plaintiffs, on the ground of mistake; that by the terms of the agreement the timber was to have been excluded from this instrument. To correct a deed on account of mistake is a recognized subject of equitable jurisdiction, but in order to its exercise for the purpose of reforming the instrument because it does not properly express the agreement of the parties, it is established that the mistake must be mutual or it must be the mistake of one superinduced by the fraud of the other. *Sills v. Ford,* at present term; *Shook v. Love,* 170 N. C., 99; *Pelletier v. Cooper,* 158 N. C., 405; *Floars v. Ins. Co.,* 144 N. C., 232; *King v. Hobbs,* 139 N. C., 170; *Warehouse v. Ozment,* 132 N. C., 839.

In *Pelletier's case, supra,* it was held: "Equity will correct a mistake in law in the drawing of a written contract when it is made to appear that the contract, as therein expressed, does not carry out the actual agreement which both the parties had made and which it was their mutual intent to express in the writing." And in *Shook v. Love, supra, Associate Justice Brown* delivering the opinion, it was said: "The power of a court of equity to reform written instruments so as to speak the real contract of the parties will not be exercised because of the mistake of one of the parties unless brought about by the fraud of the other; but an instrument will be reformed when the mistake is by all parties or when it is the mistake of the draftsman."

Applying the principle, there is doubt if on proper consideration of the record there is sufficient evidence of mistake on the part of Mrs. Sills and her children to justify a correction of this instrument, and we find no evidence whatever of any mistake or fraud on the part of the Allens. On the contrary, the facts tend to show that, having been approached by a real estate dealer, representing Mrs. Sills, with a proposition to sell the land, they had the record examined, and, finding the title clear, they bought and took a deed for the land and had the same properly registered, and that the timber on the portion of the land in Franklin County was one of the inducements to the purchase, and the deed and claim correctly expressed the contract which they made and intended to make. True, there is testimony on part of Mrs. Sills that the purchase price paid for the land, $3,300, was entirely inadequate, and that the timber alone was worth that amount; but there is also evidence tending to show that the land, as conveyed, brought a full price, and, in any event, there is no such discrepancy of value and price as to affect the result. Doubtless, Mrs. Sills did not intend to

convey the timber, which she had already sold, and her son told the draftsman of the deed, in Greensboro, that the timber had been already sold off; but the draftsman was the agent of Mrs. Sills, and we do not find that he was instructed to leave out the timber, and accordingly, the deed conveying both land and timber, having been duly executed, was forwarded to the Allens at Louisburg, and there is nothing to show that they had any knowledge or notice that it was not drawn pursuant to the agreement between the parties as they understood it, and the case presented is only an ordinary one where a second purchaser has obtained the title by having his deed first registered pursuant to law.

Exceptions to rulings of the court on questions of evidence are without merit.

One J. A. Turner, a witness for defendants, to whom Mrs. Sills first wrote about selling her land, and who negotiated the sale to plaintiffs, was asked on cross-examination if, in the transaction, he represented the Allens in any way, as factor or agent, and answered he did not.

It is a recognized position, not infrequently presented, that the fact of agency cannot be proved by the declarations of an alleged agent; but we fail to see why this fact cannot be shown by the sworn testimony of the witness. Unless objectionable on some other principle, such testimony would seem to be directly relevant, and the cases so hold. *Sutton v. Lyons,* 156 N. C., 3; *Machine Co. v. Seago,* 128 N. C., 160.

The right of a woman as notary public to take the verification of a pleading of the probate of a deed is not involved in this appeal. No exception or assignment of error presents the question, nor is it discussed in the briefs, and for the reason, no doubt, that the verification and probate were taken in Virginia, and the Constitution of that State provides that "Men and women 18 years of age shall be eligible to the office of notary public." Art. II, sec. 32. If this did not appear affirmatively, the presumption is that the officer of another State is acting under legal authority. *Nicholson v. Lumber Co.,* 160 N. C., 33.

We find no error in the record, and the judgment in plaintiff's favor is affirmed.

No error.

CLARK, C. J., concurring: The answer in this case was sworn to before "Alleene" C. Jones, notary public, 13 November, 1913. If the majority opinion in *S. v. Knight,* 169 N. C., 333, which set aside chapter 12, Laws 1915 (which provided that women could exercise the duties and powers of a notary public), is to be adhered to, it must be upon the ground that women are inherently incompetent, under the Constitution, to discharge that duty, and hence they must have been so at the date that this answer was filed. Consequently, the answer of the defendant not being legally verified, the allegations of the verified

complaint would be taken as true, and the discussion in the opinion of the rights of the parties is unnecessary.

Furthermore, the deed to the defendant Roanoke Railroad and Lumber Company, 25 June, 1907, was acknowledged before Miss Rosa T. Bilisoly, notary public. This point was made on the trial below and in this Court, and the fact that she was a woman was not denied. The acknowledgment of this deed, certified under her "hand and official seal" as notary public, is headed "North Carolina—Nash County." It is true that the clerk of the Superior Court in passing upon her certificate says: "The foregoing certificate of Rosa T. Bilisoly, notary public of Norfolk, Va., is adjudged to be correct. But the certificate made by her recites, as above, the acknowledgment as having been taken before her in Nash County.

If there is, as I believe, no inherent defect, either in fact or in law, which disables women from signing a certificate as notary public, then I acquiesce in the opinion of the Court, if a woman cannot be a notary; but the discussion in the opinion is unnecessary and *obiter*.

In *Nicholson v. Lumber Co.*, 160 N. C., 33, we held that where the probate of a deed is taken before a woman notary public in another State it will be assumed that she rightfully held the position in that State, and Virginia is one of some forty-odd States and territories in which a woman can exercise the duties of that position. Indeed, in Virginia it is held that "any man or woman 18 years of age" can be a notary public. But in this case the acknowledgment of the deed for land in this State, as already stated, purports to have been taken by Miss Bilisoly in Nash County in this State.

There is no recital by the clerk that Alleene C. Jones, before whom the verification of the answer was made, was a notary public in another State, and the verification purports to have been taken in Nash County.