### No. 10,026

### Orleans

---

### McWILLIAMS v. RITCHIE

---

(December 12, 1927. Opinion and Decree.)

---

(*Syllabus by the Court*)

1. **Louisiana Digest—Evidence—Par. 221, 256; Error and Mistake—Par. 16.**
   Where a written contract plainly states the obligations assumed by the obligor of a contract, contemporaneous parol remarks can not be proven under an allegation of error.

2. **Louisiana Digest—Error and Mistake—Par. 2, 8.**
   Under R. C. C. 1841 the error which vitiates a contract must be of its nature.

Appeal from the Civil District Court for the Parish of Orleans. Hon. Porter Parker, Judge.

Action by Rozell Williams against Hugh Ritchie.

There was judgment for plaintiff and defendant appealed.

Judgment affirmed.

F. Rivers Richardson, of New Orleans, attorney for plaintiff, appellee.

E. M. Stafford, Daniel Wendling, of New Orleans, attorneys for defendant, appellant.

WESTERFIELD, J. This is a suit by a real estate agent for a commission. From a judgment as prayed for defendant appeals.

It appears that plaintiff signed a contract appointing defendant his exclusive agent for six months for the sale of a certain piece of property owned by him.

The property was sold by plaintiff within the six months and under the plain terms of the contract the commission is due. But, defendant claims, that when he signed the contract and handed it to an employee of plaintiff, the plaintiff being engaged with another customer, it was understood that this employee, a young woman, would change the six months mentioned in the contract to sixty days. When evidence was tendered in support of this averment, it was excluded, upon objection of counsel that it contravened the parol evidence rule. This ruling of the court is said to be improper upon the ground that error is in effect charged, and, therefore, the principle invoked by defendant's counsel does not apply.

We believe that the ruling complained of was correct. Defendant's objection to the contract is neither error of fact, nor of law. He admits that he signed the contract with the six months term. The error which vitiates a contract must affect the nature of the contract. R. C. C. 1841.

"Where the written contract plainly states the obligations assumed, the obligor can not set up error on these points caused by contemporaneous parol remarks. 37 La. Ann. 553; Presscott vs. Cooper, 22 La. Ann. 14; Watson vs. Planters Bank, 6th N. S. 496." Merrick's Code, Third Edition.

The judgment appealed from must be affirmed.