MATASSA v. CORTESE ET AL.

(January 19, 1931. Opinion and Decree.)
(February 2, 1931. Rehearing Refused.)
(March 3, 1931. Writs of Certiorari and
Review Refused by Supreme Court.)

Guion & Upton, of New Orleans, attorneys for plaintiff, appellant.

Ernest J. Robin, of New Orleans, attorney for defendants, appellees.

WESTERFIELD, J.   Plaintiff appealed from a judgment maintaining an exception of no cause of action.   The petition alleges that on the 8th day of March, 1923, by act before John R. Upton, notary public, plaintiff, Vincent Matassa, purchased from Mrs. Maria Cortese, wife of Joseph Tusa, and Joseph Tusa, a certain piece of property described in the petition, for $3,-100 cash; that there was annexed to the act of sale the usual mortgage, conveyance and tax receipts in the name of the vendors and that said certificates were clear and indicated that the property conveyed had not been alienated and was unencumbered; that the act of sale contained the clause "the purchaser herein binds and obligates himself to pay for the presently existing paving and the cancellation of the lien and privilege resulting therefrom"; that during the year 1928, plaintiff received a notice from the city of New Orleans informing him that there was due the city of New Orleans the 1921 installment for paving for which the property was liable and subject to lien; that in order to protect himself as owner of the property, petitioner was compelled to and did pay the City of New Orleans the sum of $128.30 covering the installment due for the year 1921, or two years prior to his acquisition of the property; that plaintiff did not intend to obligate himself for

any of the installments due by said property prior to the year 1923, the year in which he acquired the property; that if the clause in the act of sale is susceptible of a construction which would obligate plaintiff to pay for the 1921 installment, it is the result of mutual mistake by the parties to the said contract and the clause should be reformed so as to read "all installments for the year 1923 and subsequent years"; that if the mistake was not mutual and the vendors of the property had knowledge that the 1921 installment had not been paid, the fact should have been revealed to plaintiff. The petition concludes with a prayer for the reformation of the act of sale so as to limit his obligation for paving to the installment due for the year 1923 and subsequent years and that upon said reformed agreement, petitioner have judgment against the vendors, defendants herein, in the sum of $128.30 with legal interest, etc.

To this petition the defendants filed exceptions of jurisdiction of the court ratione materiae and of no cause of action. The exception to the jurisdiction was overruled and the exception of no cause of action maintained and plaintiff has appealed.

Defendants have not answered the appeal but in this court contend in argument and in brief that we should ex proprio motu decline jurisdiction upon the ground that the amount involved is beyond the maximum limit of our jurisdiction. In other words, the purchase price of the property mentioned in the act of sale being $3,100, and this being a suit to reform that contract, the amount involved is the consideration of the property. The objection to our jurisdiction is argued without any special pleadings and may be said to be informal but were it otherwise it is clearly without merit for the amount involved in this litigation is $128.30 and not $3,100. The fact that an amendment of a contract of sale of property for $3,100 is attempted so as to permit recovery by plaintiff of the smaller sum is unimportant, the amount involved is only $128.30.

As to the exception of no cause of action it is based upon the theory that the petition is an attempt to contradict or vary a written contract by parole evidence. Higgins Manufac. Co. v. A. S. Spiess Sales Co., 9 La. App. 403, 120 So. 496; McWilliams v. Ritchie, 8 La. App. 205; Art. 2276, R. C. C.

But the parole evidence rule is not applicable here. No attempt is made to vary or contradict the terms of the act of sale but to reform a certain clause in order that it may properly represent the agreement of the parties. The plaintiff acquired the property mentioned in the petition in 1923 and it is alleged that he intended to assume the existing and subsequent paving obligations and no others, and that by a mutual mistake or by deception of the vendors the act as written, obligates him to pay for previous installments. It seems to us that a proper showing is made for the exercise of the equity powers of the court. King v. Hobbs, 139 N. C. 170, 51 S. E. 911; Ker v. Evershed, 41 La. Ann. 15, 6 So. 566; Coleman v. Thibodaux, 119 La. 474, 44 So. 269; State v. Standard Oil Co. of Louisiana, 164 La. 334, 113 So. 867.

For the reasons assigned the judgment appealed from is reversed and it is now ordered that this case be remanded to the First City Court for further proceedings according to law and not inconsistent with the views herein expressed.

HIGGINS, J., takes no part.