MATASSA v. CORTESE ET AL.

———

(January 11, 1932. Opinion and Decree.)

———

See, also, 15 La. App. 495, 132 So. 139.

John R. Upton, of New Orleans, attorney for plaintiff, appellee.

Chas. I. Denechaud and Ernest J. Robin, of New Orleans, attorneys for defendants, appellants.

JANVIER, J. On March 8, 1923, by notarial act, Vincent Matassa purchased from Mr. and Mrs. Joseph Tusa certain real estate in the city of New Orleans.

The act of sale contained a recital reading, "The purchaser herein binds and obligates himself to pay for the presently existing paving and cancellation of the lien and privilege resulting therefrom."

Attached to the said act of sale were the usual certificates from which it appears that there were not recorded against the property any liens or privileges for past-due taxes or paving installments.

As a matter of fact, however, though neither the vendors nor the purchaser knew of it, the paving installment for the year 1921 had never been paid and was past due.

This condition was not discovered until 1928, when Matassa received from the city of New Orleans a notice under which he was called upon to pay the said installment for 1921.

Matassa, according to the allegations of his petition, thereupon called upon his vendors, Mr. and Mrs. Tusa, to pay the said installment.

They deny that he called upon them to do so, but, at any rate, whether they received Matassa's notice or not, they did

nothing, and shortly thereafter Matassa paid the installment and brought suit to recover from his vendors the amount of the said payment.

In his petition, Matassa averred that if the above-quoted recital of the act of sale be interpreted as placing upon him the assumption of liability for paving installments which, at the time of the passing of the act of sale, had already matured, then the said recital was made in error, and did not represent the true intention of the parties, and, consequently, he prayed that the said act of sale be reformed so as to set forth the true agreement, and he prayed for judgment in accordance with the agreement or contract as so reformed.

He also averred that if the mistake was not mutual, and if the vendors knew that the 1921 installment had not been paid, they should have so stated prior to the passing of the act of sale.

An exception of no cause of action was filed, exceptors contending in support of it that plaintiff was attempting to vary, by parole, a written contract. The trial court having maintained this exception, an appeal was taken to this court, and we reversed the judgment of dismissal and remanded the matter because we were of the opinion that "the parole evidence rule is not applicable here. No attempt is made to vary or contradict the terms of the act of sale but to reform a certain clause in order that it may properly represent the agreement of the parties. The plaintiff acquired the property mentioned in the petition in 1923, and it is alleged that he intended to assume the existing and subsequent paving obligations and no others, and that, by a mutual mistake or by deception of the vendors, the act as written obligates him to pay for previous installments. It seems to us that a proper showing is made for the exercise of the equity powers of the court." See Matassa v. Cortese et al., 15 La. App. 495, 132 So. 139, 140.

The Supreme Court refused to grant the writ of certiorari requested by Mr. and Mrs. Tusa with the statement, "Judgment is correct."

The matter was then tried below and evidence adduced for the purpose of showing what was the true agreement between the parties with reference to paving installments which had matured prior to the passing of the act of sale.

On this point, Tusa, one of the defendants, he having represented both in the transaction, stated that he had told Matassa that everything due on the property had been paid.

"Q. Didn't you tell Mr. Matassa that everything was paid up to the date of the act of sale that was due the City for paving?
"A. Yes, sir, I told him that."

Surely then he, one of the vendors, did not intend that Matassa should assume any overdue installments because, according to his testimony, there was no such overdue installment.

Matassa stated that Tusa told him that this particular installment had been paid.

"Q. What did Mr. Tusa tell you about the paving on that property?
"A. He said he paid 1921 and 1922."

The true intent of the parties thus seems to have been that Matassa was to assume only those installments which had not, at that time, matured, and the contract should thus be reformed so as to express that intent.

Defendants, as an alternative defense, plead the prescription of three years. They assert that Matassa should have brought this action within three years of the date of the act of sale. Matassa answers this plea of prescription by showing that he had no knowledge of the fact that the installment was due until he received the notice in 1928, and that therefore he could not have acted sooner than he did.

Defendants counter with the charge that Matassa should have known that the installment was unpaid and that he had, at least, constructive notice of it, because a search of the public records, if it had been made some time after the sale was consummated, would have so disclosed.

We are not told what record would have shown it, but it is conceded that, when the act of sale was passed, it did not appear on any of the records accessible to Matassa, and we do not think that Matassa was at fault in failing to again search the records to ascertain whether his title was clear.

There is some dispute over the allegation made by plaintiff that before he paid the installment he called upon Mr. and Mrs. Tusa to do so. The latter admit that it was necessary to pay the installment in order to clear the title, and they do not charge that they could have defeated the claim of the city had they known of it, but, on the contrary, admit that they could have done nothing about it even had they known about it before Matassa paid it. Consequently, we deem it unnecessary to determine if Matassa called upon them as he says he did.

The trial judge having rendered judgment in favor of plaintiff as prayed for, the judgment appealed from is affirmed.