### A. BALDWIN & CO., Inc., v. LE LONG et ux.
#### No. 14077.

Court of Appeal of Louisiana. Orleans.
May 30, 1932.

Friedrichs, Connolly & Simoneaux, of New Orleans, for appellant.

F. Rivers Richardson, of New Orleans, for appellee.

WESTERFIELD, J.

Plaintiff alleges that Charles A. Le Long and his wife, Alice Richardson Le Long, are indebted to it in the sum of $213.70, the balance due on the purchase price of an Electrolux refrigerator sold defendants on the installment plan for the sum of $295.20, for which a promissory note was given dated May 20, 1929, which was reduced by installments to the amount claimed. The defendant Charles A. Le Long made a formal defense, which was afterwards abandoned, and judgment was rendered against him as prayed for. His wife defended upon the ground that the contract sued on was void for error, the contract being one for which the husband, as head of the community, was alone responsible, and, her signature thereto having been obtained in error, she should not be held responsible therefor. She also pleaded want of consideration. Judgment was rendered in her favor dismissing plaintiff's suit, and plaintiff has appealed.

■ In so far as the defense of error is concerned, it is based upon the alleged statement of plaintiff's representatives, which is uncontroverted in the record, to the effect that her signature to the note was a mere matter of form, and that she would not be held to any responsibility; her husband being alone looked to for the payment of the note. We find, however, that the note on its face expresses an unconditional obligation to pay defendant the amount called for, and that the contract for the purchase of the refrigerator, which contract has been offered in evidence, indicates very definitely an intention to hold Mrs. Le Long responsible for the obligation. Consequently, whatever may have been said to her prior to the signing of the contract, the contract itself was sufficient evidence of the character of the obligation, and, since the defendant admits her signature, her responsibility cannot be avoided upon the plea of error. In McWilliams v. Ritchie, 7 La. App. 272, we held that, "where a written contract plainly states the obligations assumed by the obligor of a contract, contemporaneous parol remarks can not be proven under an allegation of error." Consequently we conclude that this defense cannot be sustained.

■ The question of consideration for the note is not so easily disposed of. In fact, the evidence is so unsatisfactory that we have concluded to remand the case for additional proof. Our reason for doing so is the lack of definite testimony in the record upon the point relied upon to sustain the defense to the effect that the refrigerator, for which the note sued on was given, though apparently the subject of an original contract of purchase on the part of Mrs. Le Long, was a substitution for another refrigerator which had been contracted for by Mr. Le Long verbally, and which had proven unsatisfactory. The testimony of Mrs. Le Long on this point is confusing when contrasted with that of her husband, for she makes no mention of a preexisting contract, while her husband speaks of a prior verbal sale and refers to the refrig-

erator for the price of which this suit is brought as a larger one, given in exchange for a previous purchase. In addition, certain payments were made upon account, and it does not appear whether these payments were made prior to the acquisition of the second refrigerator or otherwise. We are also unable to determine from the record whether the second refrigerator sold the Le Longs was a larger and more expensive type, or whether it was merely exchanged for another previously bought by the husband because of the defects in the other. On the other hand, the contract sued on does not mention the husband, and on its face would appear to represent an original transaction. If Mrs. Le Long gave her note for a refrigerator which was given in exchange for one which her husband had purchased, it would seem that the defense of want of consideration should prevail, and, if not, it should fail. In order to ascertain these facts, and in the interest of justice, we have concluded to remand the case for further evidence.

It is therefore ordered that the judgment appealed from be annulled, avoided, and reversed, and the case remanded for further proceedings not inconsistent with the views herein expressed.

Reversed and remanded.