The decree heretofore handed down is amended by substituting the words "except costs of appeal" for the words "including costs of appeal," and, as thus amended, is made final, and a rehearing is refused. Code Prac. arts. 908, 547.

**A. BALDWIN & CO., Inc., v. LELONG et ux.***

No. 14529.

Court of Appeal of Louisiana. Orleans.

Oct. 30, 1933.

See, also (La. App.) 142 So. 879; (La. App.) 143 So. 723.

Friedrichs, Connolly & Simoneaux, of New Orleans, for appellant.

F. Rivers Richardson, of New Orleans, for appellees.

JANVIER, Judge.

Plaintiff corporation alleges that Alice Richardson Lelong and her husband, Charles A. Lelong, are indebted unto it in the sum of $213.70 as the balance due on a note given as a part of the purchase price of an automatic refrigerator.

It is alleged that the note is signed by the wife and that in so executing it she acted both individually and as the representative of her husband, head of the community existing between them.

The husband having abandoned the defense which he had interposed, there was judgment against him as prayed for.

The wife maintains that the note, so far as she is concerned, is void because she signed it in error, since the refrigerator was in reality purchased by the community existing between herself and her husband and not by herself, and since, so she charges, she was induced to sign the note by the statement of employees of plaintiff company to the effect that her signature was required merely as a formality and that she would not be held personally liable. She also asserts that no consideration was received for the note.

The defense of error was disposed of by us when the matter was first before us. See A. Baldwin & Co., Inc. v. LeLong et ux. (La. App.) 142 So. 206. There, with reference to the defense of error, we said:

"Whatever may have been said to her prior to the signing of the contract, the contract itself was sufficient evidence of the character of the obligation, and, since the defendant admits her signature, her responsibility cannot be avoided upon the plea of error."

If we had any doubt as to the correctness of that ruling, it would be dispelled by

---

*For opinion amending decree, see 151 So. 132.

a reading of the letter written by Mrs. Lelong's attorney to plaintiff corporation under date of July 7, 1931, in which he acknowledged the indebtedness of Mrs. Lelong and stated:

"I am endeavoring to obtain a loan on her property. This will require a short time, and as soon as it is put through the indebtedness to you will be paid in full."

The other defense—want of consideration —we were unable to pass upon when the matter was first before us, and we said with reference thereto that:

"The evidence is so unsatisfactory that we have concluded to remand the case for additional proof."

Additional proof was adduced and judgment was thereupon rendered in favor of defendant Mrs. Lelong. Plaintiff has appealed.

In view of our former opinion and decree, we conclude that the sole question now before us is whether or not consideration was given and received for the note sued on.

When the matter was first before us, the defense of want of consideration was based on the contention that:

"* * * The refrigerator, for which the note sued on was given, though apparently the subject of an original contract of purchase on the part of Mrs. Lelong, was a substitution for another refrigerator which had been contracted for by Mr. Lelong verbally and which had proven unsatisfactory."

Strangely enough the defense now urged is diametrically the reverse of that relied on originally.

It was first contended that the husband had himself given the note for the first refrigerator which had proven defective, and that the note sued on now was given for the second or substituted machine, and that since the second was a mere replacement of the first defective one no consideration was given therefor.

The contention of defendant now is that the note sued on was given for the first machine and that later when the substitution was made the husband gave his note for the second one, and that, therefore, he should be held on his note and not she on hers.

But the proof fails to show that any second note was given by the husband or, in fact, that more than one note was given by anyone. When Mr. Lelong first testified, he claimed that he had signed for the first purchase. With reference to that purchase, he said:

"Q. Did you sign papers at that time for its purchase? A. I did * * *."

Later when the matter was remanded and Mr. Lelong was again on the stand, he said with reference to the note and chattel mortgage given for the purchase of the first refrigerator:

"Q. Do you know under what circumstances Mrs. Lelong signed these documents which have been produced here? On May 16th, there has been a document produced purporting to be signed by Alice Richardson Lelong? A. She signed that for me.

"Q. Is that your signature? A. No, sir. * * *

"Q. Now, then, do you know why Mrs. Lelong signed that order for the ice box? A. Because I wasn't present * * *."

We are well convinced from the testimony as a whole that only one note was given and that that was the one which was signed by Mrs. Lelong. No effort is made to show that any demand was made on another note or that any attempt was made to collect on any such note. The defense of want of consideration must fail.

It is ordered, adjudged, and decreed that the judgment appealed from be, and it is, annulled, avoided, and reversed, and that there now be judgment in favor of plaintiff, A. Baldwin & Co., Inc., and against Mrs. Alice Richardson Lelong, in the sum of $213.-70, with interest thereon at 8 per cent. from November 20, 1929, and with 15 per cent. attorneys' fees on the total amount of principal and interest and for all costs.

Judgment reversed.