J. T. OLLIS AND WIFE, DELZIE OLLIS, v. BOARD OF EDUCATION OF AVERY COUNTY, COMPOSED OF H. B. BURLESON, DR. R. H. HARDIN, AND CARL WISEMAN.

(Filed 14 October, 1936.)

**1. Reformation of Instruments C d—Evidence held sufficient to overrule nonsuit in this action for reformation of deed.**

Evidence that the draftsman was instructed by the grantee in a deed to insert a clause therein providing that the land should revert to the

grantors if it should cease to be used by the grantee for school purposes, that the draftsman thought and represented to the grantors that the deed contained such clause, and that the grantors signed same, relying upon the representation, *is held* sufficient to be submitted to the jury in an action by the grantors to reform the deed by inserting the reversionary clause left out by mistake of the draftsman, it being for the jury to say whether the evidence satisfies them by clear, strong, and convincing proof of the facts constituting plaintiffs' cause of action.

**2. Limitation of Actions B b—Registered deed held not notice of cause of action for reformation for mistake in omitting clause therefrom.**

Plaintiff grantors instituted this action to reform their deed by inserting a reversionary clause therein, which was omitted therefrom by the mistake of the draftsman. Defendants contended that the registration of the deed constituted notice that the clause had been omitted therefrom, and that the action was barred, since more than three years had elapsed since the registration of the deed. *Held:* The registration of the deed is insufficient to constitute notice to plaintiffs; and the action was not barred until three years after plaintiffs discovered, or should have discovered, the mistake in the exercise of due diligence. C. S., 441 (9).

**3. Evidence D b—Draftsman held not "interested party" in action between grantors and grantees for reformation of deed.**

In this action for reformation of a deed to a county board of education for mistake of the draftsman in failing to insert a reversionary clause therein in accordance with the agreement between the grantors and grantee, testimony of the draftsman relating to declarations of a deceased member of the board and of the superintendent of schools, tending to show that it was agreed that the reversionary clause should be inserted, *is held* not precluded by C. S., 1795, the draftsman not being a party interested in the event as contemplated by the statute.

**4. Evidence J d—In action for reformation, parol evidence, tending to show real agreement of parties at the time, is competent.**

In an action for reformation of a deed to a board of education for mistake of the draftsman in failing to insert a reversionary clause therein in accordance with the agreement of the parties, parol evidence that a member of the board, and the superintendent of schools, instructed the draftsman to insert the reversionary clause, and had agreed that the reversionary clause should be inserted when signed by the grantors, *is held* competent as tending to show the real agreement of the parties, and not objectionable as being hearsay or as varying the terms of the written instrument into which all prior negotiations were merged.

APPEAL by the defendant from *Sink, J.,* at April Term, 1936, of AVERY. No error.

This is a civil action wherein the plaintiffs are asking for the reformation of a deed executed by them to the Board of Education of Mitchell County on 27 December, 1904, and wherein it is alleged by the plaintiffs that at the time said deed was executed the draftsman, through mistake, failed to insert a clause providing for the land to revert to the grantors in the event it ceased to be used for school purposes.

It is conceded that the title of the Board of Education of Avery County is that title vested in the Board of Education of Mitchell County by said deed, Avery County having been created in 1911 in part from that portion of Mitchell County wherein the land described in said deed is situated; and it is further conceded that said land is not now used for school purposes.

The issues submitted to and answers made by the jury were as follows:

"1. Was the provision that the lands in controversy in this action should revert to the plaintiffs when the property ceased to be used as public school property, left out of the deed by the mistake of the draftsman, as alleged in the complaint? Answer: 'Yes.'

"2. Is the plaintiffs' cause of action barred by the statute of limitations, as alleged in the answer? Answer: 'No.' "

From judgment declaring the plaintiffs to be the owners of the land and reforming the deed as prayed for in the complaint the defendants appealed, assigning errors.

*Watson & Fouts for plaintiffs, appellees.*
*Charles Hughes for defendant, appellant.*

SCHENCK, J. The defendant assigns as error the ruling of the court in denying its motion for judgment as in case of nonsuit lodged when the plaintiffs had introduced their evidence and rested their case. C. S., 567. This assignment of error cannot be sustained.

The plaintiffs' evidence tends to show that J. T. Ollis offered to give to the Board of Education the land described in the deed as long as the board would keep a school on it, "but it was to revert back to him when the school was abandoned," and that one R. L. Wiseman was appointed by the board to survey the land and draw the deed with reversionary clause. The evidence further tends to show that Wiseman thought the reversionary clause was in the deed, and that he represented to the grantors at the time they signed the deed that such a clause was contained therein, and that the grantors signed the deed relying upon the representation that Wiseman, the draftsman, made to them that the reversionary clause was therein contained.

This evidence made out a *prima facie* case, and his Honor correctly submitted the case to the jury, charging them that the burden was upon the plaintiffs to satisfy them by evidence clear, strong, and convincing that the first issue should be answered in the affirmative. Our decisions have established the principle that where there is any evidence to go to the jury on the question of mistake in the drafting of a bond or deed that the jury are to determine under proper instructions whether the evidence is of the character required. *King v. Hobbs,* 139 N. C., 170.

The defendant also assigns as error the ruling of the court in denying its motion for judgment as in case of nonsuit upon the ground that the evidence showed that the deed in question had been of record since 1907, and that such registration was notice to the plaintiffs of the provisions of the deed, and for this reason the plaintiffs' alleged cause of action was barred by the three-year statute of limitations. C. S., 441. This position is untenable.

In *Modlin v. R. R.,* 145 N. C., 218 (227), which was an action to recover damages for deceit growing out of drawing a deed for timber so as to include certain timber not included in the contract of sale, it is written: "Defendant assigns for error, further, that on the issue as to the statute of limitations the judge below declined to charge, as requested, that the registration of defendant's deed was in itself such a notice of the alleged fraud as would put the statute in motion for the defendant's protection and in bar of plaintiff's claim; but the point has been resolved against the defendant. The statute applicable (Revisal, sec. 395, subsec. 9) (now C. S., 441-9), provides that actions of the present kind are barred in three years after the discovery by the aggrieved party of the facts constituting the fraud, and, construing this subsection, the Court has decided that the statute commenced to run when the aggrieved party first discovered the facts, or could have discovered them by the exercise of proper effort and reasonable care, and that the registration of the deed, or knowledge of its existence, by which the fraud was accomplished, was not of itself sufficient notice of such facts. *Peacock v. Barnes,* 142 N. C., 215; *Stubbs v. Motz,* 113 N. C., 458."

The evidence in the instant case tended to show that the first knowledge the plaintiffs had that the deed did not contain the reversionary clause was gained by them the first of November, 1933, and that summons in this case was issued 5 October, 1935. His Honor's ruling that the registration of the deed did not constitute notice to the plaintiffs that the reversionary clause had been omitted therefrom was in accord with the decisions of this Court.

Defendant also assails by exceptive assignments of error the rulings of the court in admitting over its objection certain testimony of the draftsman of the deed, R. L. Wiseman, in regard to communications between himself and J. M. Parsons, deceased member of the Board of Education of Mitchell County, the grantee in the deed, and in regard to communications between himself and Dock Green, deceased superintendent of schools. These assignments of error, based upon the theory that such testimony was in violation of C. S., 1795, cannot be sustained for the reason that it nowhere appears that the witness Wiseman was "a person interested in the event, or a person from, through, or under whom such a party or interested person derives his interest or title by

assignment or otherwise." Nor are such assignments tenable upon the theory that the testimony of the witness Wiseman was hearsay evidence. The testimony objected to was to the effect that Wiseman was instructed by J. M. Parsons, a member of the Board of Education, and Dock Green, superintendent of schools, to place the reversionary clause in the deed. This was competent to show that the draftsman in drawing the deed failed, through mistake, to carry out his instructions from the grantee in the deed, as well as from the grantors, namely, to put in the deed the reversionary clause. "While negotiations leading up to the execution of the contract are merged in it at law, they are competent in equity to show what was the real agreement, for the purpose of correcting the instrument and doing justice." *Potato Co. v. Jeanette,* 174 N. C., 236 (242).

We have examined each of the assignments of error not abandoned in the brief of the appellee and find

No error.