HAYWOOD GARDNER v. UNITED STATES RAILROAD
ADMINISTRATION ET AL.

(Filed 19 September, 1923.)

**Railroads — Pleadings — Allegations—Negligence—Demurrer—Employer
and Employee—Master and Servant.**

In order to recover damages in an action against a railroad company,
there must be a breach of some duty owed by the defendant to the plain-
tiff, contractual or otherwise; and a demurrer to the complaint is prop-
erly sustained that alleges, in effect, that the foreman took a motor car
of defendant and carried the plaintiff a distance on its track at plain-
tiff's request and sole personal convenience, and that plaintiff was in-
jured by an automobile crossing the railroad track and colliding with
the car on which he was thus riding.

APPEAL by plaintiff from *Kerr, J.*, at April Term, 1923, of WASH-
INGTON.

This is a civil action for damages, brought by plaintiff against United
States Railroad Administration; W. G. McAdoo, Director General of
Railroads; Atlantic Coast Line Railroad; United States Railroad Ad-
ministration, W. D. Hines, Director General of Railroads; Atlantic
Coast Line Railroad, Jno. Barton Payne, agent of the President and
Atlantic Coast Line Railroad Company, a corporation.

For a proper understanding of the case, the allegations of paragraph
two of the amended complaint are set forth in full:

"That during the month of November, 1918, this plaintiff was in the
employ of the defendant, and by virtue of such employment had the
right and privilege of riding upon the defendant's trains, motor cars

and any and all of the same for the purpose of going to and from vari-
ous points upon the said line of railroad, either while engaged in the
discharge of the duties of his employment or while attending to his
own personal affairs; that during the month of November, as afore-
said, to wit, on .... November, 1918, the plaintiff, having fully dis-
charged the duties of his employment in laying certain cross-ties along
the track at or near the defendant's station at Darden, N. C., and
having thereafter, at his own request, been transported to Plymouth
by the defendant company upon one of its motor cars, for purposes
purely personal to himself, to wit, registering for the draft, and while
being transported upon said motor car back from the town of Plymouth,
and while said motor car was traveling at a very low rate of speed, and
when said motor car had reached a point where said railroad track is
crossed by the main public road leading from Plymouth, North Caro-
lina, to Mackeys, North Carolina, a point in the suburbs of the town
of Plymouth, or thereabouts, said motor car was struck by an auto-
mobile moving along the said county road, and said motor car was
wrecked, and this plaintiff severely and permanently injured, as here-
inafter set out."

The allegations in the third paragraph of the amended complaint
set forth in detail the alleged negligence of the defendant in reference
to the Atlantic Coast Line Railroad track and its approaches crossing
a public highway where the injury complained of occurred. In the
decision of this case it will not be necessary to consider the allegations
in this paragraph.

The evidence of plaintiff was that in 1918 he was working for the
Atlantic Coast Line. He had been employed by them ten or eleven
years. On the day he was hurt he had been working at Darden. R. U.
Roberson was foreman in charge. Plaintiff and others were putting
out cross-ties along the track. Later he had to go to Plymouth to fill
out his questionnaire. The foreman Roberson took him to Plymouth
to fill out the questionnaire. He had ridden on the motor car for some
time; it was usual and customary for section men to ride on the motor
car. He and Roberson left at the dinner hour to go to Plymouth. He
filled out the questionnaire and started back to Darden about 2:20 in
the afternoon, and was injured about 3 p. m. on his return. They were
not going fast. When the motor car reached the public highway which
crosses the railroad track it was struck by an automobile traveling
along the public highway which crossed the track at the place where
he was injured. Roberson was running the motor car, and it was run
by gasoline. Plaintiff gave the extent of his injuries and stated that
defendant sent him to a hospital at Rocky Mount and also to see a
specialist in Richmond and paid his expenses.

GARDNER *v.* R. R.

W. L. Whitley for plaintiff.

F. S. Spruill, Zeb Vance Norman and F. S. Spruill, Jr., for defendant.

CLARKSON, J.  The defendant, at the close of the evidence, moved for judgment as of nonsuit, which the court granted, and the plaintiff excepted and appealed to this Court.

The evidence in a case of nonsuit is taken in a light most favorable to plaintiff.  The facts show that the plaintiff was working for the defendants as a section hand, under the foreman Roberson.  He and Roberson "knocked off" at the dinner hour.  Roberson took him to Plymouth, at his request, on a purely personal errand to have his "questionnaire" filled out.  It was an act of accommodation and gratuity on the part of Roberson to help one who was working under him.  They quit work at dinner time, and when the injury occurred the plaintiff was not doing work or labor of his ordinary calling for the company. They took the company's motor car and started back, after the 2:20 o'clock p. m. train had come to Plymouth, and he was hurt about 3 o'clock p. m. on his return, not by the railroad but by an automobile running into the motor car where the public highway crossed the railroad track.  It was usual and customary for section men to ride on the motor car, but in this instance it was a trip not on the company's business.  The plaintiff was seriously hurt, and from the record it is to the credit of the defendant that it acted humanely and gave the plaintiff medical and hospital aid and paid the expenses.

From the facts we can see no duty that defendant owed to the plaintiff that it failed to discharge.  It was a kindly, gratuitous and friendly act that one man was showing to another by borrowing the defendant's motor car, and the use of its track, to do a neighborly act.  Now shall the defendant respond in damages?  We cannot so hold.  The foreman was not acting at the time in the scope of his employment.  He was not about his master's business, but doing a kindly generous act on his own responsibility.  The accident was unfortunate and deplorable, but we cannot charge negligence and duty to these defendants.

In *Wright v. R. R.*, 122 N. C., 852, *Montgomery, J.*, says: "The plaintiff was a section master in the employment of the defendant, and slept sometimes at Gumberry, the northern terminus of the road, sometimes at Jackson, the southern terminus, and sometimes at Mowfield, an intermediate station.  After his day's work was over he went to his sleeping place on a hand-car or on the defendant's train, as suited his convenience.  On the night when the plaintiff was injured he and the laborers working under him, having left off work for the day, with a light for a signal on the side of the railroad, were waiting for the train on its way to Gumberry.  All were taken on, the plaintiff getting on

GARDNER v. R. R.

the engine, and the hands on the flat cars loaded with logs. No fares at any time were received or expected from the plaintiff. These facts do not, in our opinion, constitute the plaintiff a passenger on the train. He invariably used the hand-car, or the train of the company, to aid him in the prosecution of his work. The act of going to and from his work in the manner pointed out, although for the benefit of the plaintiff, connects him with the service of the company, although he was not *actually* engaged in the work for which he was employed at the time of his injury. If there had been a contract between the plaintiff and the company that the plaintiff should be carried to and from his work to his sleeping place, then certainly the plaintiff would have been injured while engaged in the service for which he was employed."

*Roberson v. Greenleaf Lumber Co.,* 154 N. C., 328, is not in conflict with our present position, for in that case there was such a custom as to afford inference of contractual relation between plaintiff and defendant and that plaintiff was in the course of his employment. In the instant case it was a personal, single act of accommodation—no contractual relation—no custom by which a contractual relation could be inferred—but the section foreman on a single occasion, for a single purpose, accommodated one who was working with him, on an errand that perhaps plaintiff would never have to go on again. See, also, *Willis v. R. R.,* 120 N. C., 508; *Mitchell v. R. R.,* 176 N. C., 645.

Where plaintiff, when injured by the explosion of an engine, was riding on a freight train by permission of the conductor, and there was no evidence of wanton or willful injury, plaintiff could not recover. *Vassor v. R. R.,* 142 N. C., 68.

"It is evident that the liability of the carrier for injuries to passengers is different from that of an employer with reference to injuries to employees in its service. Therefore the rules of a carrier's liability as to passengers do not apply to employees in the operation of the cars or other vehicles in which passengers are being transported. Employees who are being carried back and forth to and from their work, whether on construction trains or passenger trains, and although they have no connection with the operation of the train and are carried outside of the hours of employment for which they are paid, without the payment of fare, are generally not to be considered as passengers; and this is also true of an employee who voluntarily rides on a train to his work, without payment of fare, and without any arrangement in regard thereto with the company, or of employees who borrow a car and engine without the company's consent for their own purposes." 10 C. J., sec. 1054, p. 632; 33 Cyc., p. 817.

The court below made no error in rendering judgment of nonsuit.

Affirmed.