This was an action for actionable negligence brought by plaintiff against defendant alleging damage. The defendant denied negligence. It also set up the plea that plaintiff and defendant were engaged in interstate commerce and pleaded contributory negligence and assumption of risk. *Page 169 
The evidence was to the effect that plaintiff was 29 years of age and had been in the employ of defendant for about 12 years. He was a section-hand. He was seriously and permanently injured on 12 March, 1932. He generally started to work at 7:30 and quit about 4:30. He was injured about 4:32 in the afternoon, after "the close of the day's work."
The plaintiff testified, in part, as follows: "I was on the hand car, which was backing back toward Tarboro, and on the hand car with me was Mr. Askew, Nathaniel Leggett, E. C. Hayes and Jesse Parker, all of whom were in the employ of said railroad company. Jesse Parker was in charge of the crew which operated the hand car at that time, but Mr. Askew was my superior officer, from whom I received instructions in the performance of my duties. The hand car was motor driven with the seats set on the sides thereof so we could sit on the seats and swing our feet on the outside. The hand car had one end closed but the back end was not closed up. The planks on each side of the car on which we sat were about eight inches in width and about a foot or foot and a half in height from the floor of the car. I was sitting on the seat of the car with my feet hanging on the outside as I usually do, so that if anything like a wreck happened I would have a chance to jump off. I did not have any instructions from my superior as to how to ride, but I had been riding this way ever since I had been in the employ of the Coast Line. A line bar is a piece of iron about eight feet in length and about 1 1/2 inches in diameter, with one end sharp pointed and the other end round and is used for the purpose of jacking up the track. I use these line bars in my work and on this occasion the line bars were lying on the floor of the hand car where we always place them. I was sitting on the seat of the car with my feet hanging outside, the line bars lying on the floor of the car, the car backing, when one of the bars slipped out of the car, one end of same hitting the wood cross tie, the other end hitting me in the rectum."
On cross-examination: "The hand car was kept at night in the section house, which is about two miles from the railroad station. When I stopped work the afternoon of the injury I was between the section house and the station. Mr. Askew asked us all who wanted to go to the store to get some groceries but I didn't want to go. Mr. Askew told us to load up and get on the car and we did as he told us. All this was at the close of the day'swork. At that time I was living at the section house at McNair's crossing. The place where we had been working was between McNair's crossing and the place where my injury occurred. I had been working on this section nine years, and had used the same kind of car for nine years. When the car was backed there were three line bars on it. Nathaniel used one, Mr. Hayes or Mr. Jesse toted one and I toted the line for them. I did not work with any of these bars." *Page 170 
At the close of plaintiff's evidence defendant made motion as in case of nonsuit. C. S., 567. The court below sustained the motion, and in this we can see no error. The evidence excluded on the hearing, for which plaintiff excepted and assigned error, we do not think material on this record.
For the accommodation of some of the workmen, to get groceries, as testified to by plaintiff, at the close of the day's work the foreman and the section hands all got on the hand car and started towards the store. The hand car backing back to go to the store. To be sure, plaintiff testified "Mr. Askew asked us all who wanted to go to the store to get some groceries, but I didn't want to go." But plaintiff did go. He was suijuris, and he went voluntarily. If plaintiff, as a part of his employment, was to be carried back to the section house, where he was living, at the close of the day's work, he could have waited until the hand car returned from the trip to the grocery store.
We think the principle applicable to this case is set forth in Gardnerv. R. R., 186 N.C. 64 (66). It is there said: "The foreman was not acting at the time in the scope of his employment. He was not about his master's business, but doing a kindly generous act on his own responsibility. The accident was unfortunate and deplorable, but we cannot charge negligence and duty to these defendants." The judgment is
Affirmed.